WILLIAM S. VERPLANCK, as Receiver, etc., Appellant, *v.* LORENZO VAN BUREN et al., Respondents.

Where parties, in pursuance of a conspiracy or combination for that purpose, fraudulently make use of legal proceedings to injure another, an action lies against them at the suit of the person injured to recover the damages sustained.

Plaintiff's complaint alleged, in substance, that he was duly appointed receiver of all the property, etc., of C.; that C. had entered into a contract with defendants V. B., by which they agreed to manufacture brick on the lands of C. on shares; that, for the purpose of defrauding C., the V. B's entered into a conspiracy with defendant K., and, in pursuance thereof, made fictitious contracts of sale of brick to K. at less than the market price, the brick being then sold in the name of K. at the market price; that in an action brought by M., a former receiver of the property of K., for an accounting as to sales, they proved, presented and reported the contracts with K. as a true account of sales, and by so doing, and by concealing the actual sales, they cheated and defrauded M., as the representative of C., and misled and deceived him, his attorney, the court

and the referee who tried said action, they accepting and receiving the fictitious accounts of sales as true; and that the accounting was had on that basis, and judgment rendered for the amount due C., as shown by these false accounts, which judgment was paid and satisfied of record before the discovery of the fraud. *Held*, that the former judgment was not a bar to an action to recover, as damages resulting from the fraud, the share to which C. was entitled, of the sums received on sale of the brick not accounted for, *i. e.*, of the difference between the actual prices for which the brick were sold, and the fictitious prices at which they were accounted for.

*Ross* v. *Wood* (70 N. Y., 8), distinguished.

Also, *held*, that the fact that M. was appointed receiver at the instance of, and represented other creditors than those who caused the appointment, did not make the former action one between different parties; that the representative capacity of M. and plaintiff was the same, each representing the estate and right of C., the one, although appointed at the instance of other creditors, simply succeeding the other in title.

*Verplanck* v. *Van Buren* (11 Hun, 328), reversed.

*Bostwick* v. *Menck* (40 N. Y., 383), distinguished.

(Argued January 27, 1879; decided February 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 11 Hun, 328.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Wm. W. Badger*, for appellant. This action was not barred by those brought by the former receiver; the parties were not the same. (*Bostwick* v. *Menck*, 40 N. Y., 383–389; *Graff* v. *Bonnett*, 25 How. Pr., 47; *Campbell* v. *Genet*, 2 Hilt., 295; *Stewart* v. *Foster*, id., 505; *Atkins* v. *Sewine*, 11 Abb. [N. S.], 384; *Horn* v. *Fellows*, 5 W. Dig., 373; *Caton* v. *Southwell*, 13 Barb., 338; *Secor* v. *Sturgis*, 16 N. Y., 558; *President* v. *Groff*, 14 S. & R., 181–184; *Rathbone* v. *Honey*, 58 N. Y., 463–467.) A party pleading a former adjudication must show that the record of the former suit includes the matters alleged to be determined, and that they were within the issues pleaded and between the same

parties. (C. & H. Notes, part 2, 839, 840; *Campbell* v. *Butts*, 3 N. Y., 173; *East N. Y.* v. *Elmore*, 53 id., 624; *Burwell* v. *Knight*, 51 Barb., 267; *Goddard* v. *Benson*, 15 Abb. Pr., 191; *Calwell* v. *Blakeley*, 1 Abb. Ct. App., 400.) An action for fraud will lie whenever any fraudulent intent works in injury, although there has also been an action for accounting between the same parties, involving the same facts. (1 Bac. Abr., Action on the Case, F; *Benton* v. *Pratt*, 2 Wend., 385; *Goldberg* v. *Dougherty*, 7 J. & S., 189; *Morgan* v. *Skidmore*, 55 Barb., 263–268; 3 Abb. [N. C.], 92, 106–109; *Wanzer* v. *Baum*, 1 E. D. S., 261; *Bruce* v. *Kerly*, 5 Hun, 229–233; *Stowell* v. *Chamberlain*, 60 N. Y., 272; *Dean* v. *Allen*, 8 J. R., 390; *Calwell* v. *Bleakley*, 1 Abb. Ct. App. Dec., 400; *Smith* v. *Weeks*, 26 Barb., 466; *Monell* v. *Colden*, 13 J. R., 402.) A former adjudication pleaded as a defense may be avoided by showing that the court was misled, and that it was fraudulently obtained, and it may be impeached collaterally for fraud wherever it is set up. (Old Code, § 168; *Mandeville* v. *Reynolds*, 68 N. Y., 543–546; *Montefiori* v. *Montefiori*, 1 Black., 363; *Dobson* v. *Pearce*, 12 N. Y. 165; *Hackley* v. *Draper*, 60 id., 92; *Galatian* v. *Erwin*, 1 Hopk. Ch., 50–52; *Van Cortland* v. *Underhill*, 17 J. R., 405; *Michigan* v. *Phœ. Bk.*, 33 N. Y., 25; *Ellis* v. *Kelly*, 8 Bush., 621; *Calkins* v. *Smith*, 48 N. Y., 614–621; *Stillwell* v. *Carpenter*, 2 Abb. N. C., 240–242, 263, 264; *Bruce* v. *Kelley*, 5 Hun, 233; *Dunlap* v. *Cody*, 31 Iowa, 262; *Borden* v. *Fitch*, 15 J. R., 421; *Jackson* v. *Jackson*, 1 id., 425; *Webster* v. *Reid*, 11 How. [U. S.], 437; *Byers* v. *Surget*, 19 id., 303; *Martin* v. *Judd*, 60 Ill., 85; *Wilson* v. *Green*, 25 Vt., 450–456; *Story* v. *Norwich R. R.*, 24 Conn., 94; *Grove* v. *Hodges*, 55 Penn., 519; *Spicer* v. *Waters*, 65 Barb., 233; *Reigal* v. *Wood*, 1 J. Ch., 405; *Smith* v. *Weeks*, 26 Barb., 466; *Huggins* v. *King*, 3 id., 619; *People* v. *Eddy*, 57 id., 593; *Devou* v. *Fanning*, 4 J. Ch., 199; *Doe* v. *Roberts*, 2 B. & Ald., 367–367; *Reg* v. *Saddler's Co.*, 10 H. L., 431; *Rex* v. *Duchess of Kingston*, 20 How. St. Tr., 544; 2 Smith's L. C., 687; *Brandon* v.

*Beecher*, 3 C. & F., 570; *Shedden* v. *Patrick*, 1 Macq., 535–592.) It is not negligence in an action to rely on the truth of statements of an adversary. (*Mead* v. *Bunn*, 32 N. Y., 275; *Morse* v. *Switz*, 19 How. Pr., 286–288; *Clark* v. *Rankin*, 46 Barb., 578; *Smith* v. *Nelson*, 62 N. Y., 289; *Barker* v. *Lewis*, 67 id,, 309.)

*Henry H. Hustis*, for respondents. The judgment in the action, in which Monell was receiver, is a bar to this action. (*Harris* v. *Harris*, 36 Barb., 88; *Secor* v. *Sturgis*, 16 N. Y., 554; *Malloney* v. *Horan*, 49 id., 111; *O'Beirne* v. *Lloyd*, 43 id., 248; *Clements* v. *Clements*, 37 id., 73.)

FOLGER, J. This case is before us a second time. In the argument of it, at this time, the learned counsel for the appellant has often referred to the record on the former appeal. That is no part of the record now. We are confined to the record returned to us at this time. We look for error in that alone; and if none is there found, the judgment of the court below must be upheld.

The record now before us shows only the summons, the pleadings in the case, and the offers of testimony, the rulings of the court, the exceptions thereto, and the judgment.

The summons is for relief — the relief demanded in the complaint. That in the original complaint is for $1,148.05, and interest from December 14, 1872, as damages, with such other relief as may be just, with costs. The relief demanded in the amended or additional complaint is for $4,005.71, with interest from December, 1871, and costs.

The complaint first avers the facts showing the appointment of the plaintiff as receiver of Chrystie, and his rights as such. It then sets out an agreement between the defendants Van Buren and Chrystie, by which the former agreed to manufacture brick on the premises of the latter on shares, and the time during which said defendants did business under that agreement; then the amount of that business, and the share thereof which ought to have been accounted

for to Chrystie. It then avers that the defendants falsely and fraudulently concealed the receipts from their sales, and reported them at less than they were in fact, and at a certain sum, for which sum they accounted, and that a further sum remains unaccounted for, and has been fraudulently concealed by them, and put to their own use. It then avers, as a means of that concealment and fraud, a conspiring, with one Kendall, and the making of contracts which were fictitious, for the purpose of imposing them upon Chrystie, as real contracts for the sale of their joint brick, and that he was deceived and defrauded thereby, by reason of the contracts being presented and acted upon by the court. It then avers that in an action in the Supreme Court, brought by Monell, a former receiver of Chrystie, for an accounting of the doings under the agreement with Chrystie, the defendants proved those fictitious contracts in evidence, and by such concealment and by such evidence, deceived and cheated the receiver, the plaintiff in that action, to an extent named, and misled and deceived the court and referee who tried that action, so that the false account was taken as true, and judgment rendered, at the prices named in the fictitious contracts, and for the amount of the false account, which judgment was paid and satisfied of record, before the discovery of any one of the concealments or of the true state of the matter. It is averred that those fictitious contracts, and such concealment of the true receipts, were made with intent to deceive and defraud the plaintiff in that action and Chrystie, and did effect that intent. The answer denies fraud or fraudulent intent, and sets up a former judgment in bar, recovered by a former receiver of Chrystie, and a full and honest accounting therein.

Here arises a material inquiry ; what is the cause of action alleged, and what is sought by the action? Plainly it alleges conspiring, false representations and deceit, and damage therefrom. Plainly it alleges the product of that conspiring as a means of deceit, and of those false representations and that deceit made and practiced by affirmative

·statements, upon Monell the former receiver, first so done in the trial of the action brought by him. The contracts with Kendall are averred to have been made prior to the trial, but as a means in contemplation, though not used or made known until the trial. It is then an action to recover damages for a wrongful combination producing unreal contracts, made harmful by fraudulent concealment and by perjury and fraud upon a trial committed by a party to the action; and it is brought by one who was the other party to the action then on trial. This latter we now assume, but shall show it further on.

We thus have the cause of action, and what was sought by it, as they were presented to the trial court by the pleadings.

The plaintiff opened the case to the jury. The record does not show what was his oral statement of his cause of action. The defendants then moved to dismiss the complaint, for two reasons: 1st. That it does not state facts sufficient to constitute a cause of action; 2d. That it shows a former action (that hereinbefore recited), tried and prosecuted to judgment, in which the subject-matter of this action had been litigated, or should have been, and that it is a bar to a recovery in this action.

The first ground stated by the defendants was available to them, if well founded, though it had not been taken by demurrer or by answer. (Code [old], § 148; Code [new], § 499.) If we are right in our conception of the action, and the cause of action claimed by the complaint, the second ground taken by the defendant was not maintainable; for there had not been a former adjudication thereon, and manifestly could not have been.

The answer of the plaintiff to the motion was by offers to prove; 1st. The proceedings by which Monell, the receiver in the former action, was appointed; claiming that thereby it appeared that Monell represented different creditors and parties than the one now represented by the receiver, the plaintiff in this action; 2d. The former judgment roll,

to show that the judgment there was an adjudication between different parties from those now before the court ; and that other moneys were now claimed than those which were thereby recovered ; and that they were not and could not have been included therein ; 3d. Evidence of all the facts alleged in the complaint; and claiming to go to the jury thereon, on the ground that this action is for fraud outside of and apart from the former action, in keeping false books and in making bogus sales, and concealing true sales, and in not keeping full and accurate accounts, as the defendants had agreed to do with Chrystie, and in converting the proceeds of the actual sales ; and on the ground that such frauds were actionable and punishable in damages, even if there had been an accounting between the same parties, inasmuch as the deceit of the defendants had misled the former receiver and the court into making no inquiry into the matters now alleged : So that, even if they could have been litigated in the former action, the failure to do so was caused by the fraud of the defendants, without negligence of the plaintiff. These offers were severally refused, and the refusals severally excepted to. The motion to dismiss was granted and exception taken. When these offers are laid beside the averments of the complaint, or when they are taken by themselves it is still plain that the ground upon which a recovery is claimed is the fraudulent combination and practices, and the false and fraudulent action at the trial; and that the operative deceit relied upon is that practiced upon the court and the first receiver.

The averments of the complaint do not present a case of false representation and fraud in fact operative upon Chrystie, prior to the appointment of Monell as receiver and of the trial of his action ; that notion does not enter into the offers and claims of the plaintiff made upon the trial. Though it is averred and offered to be proved that the defendants kept false books, and made bogus sales, and concealed the true sales, and did not keep and full accurate accounts, as they had agreed to ; it is not averred or offered

to be proved that damage came thereby to the former receiver or to Chrystie or to the present receiver-plaintiff. There is no averment or offer that the bogus sales or false books were set up before the trial, or shown or claimed to any one interested in knowing the truth. The complaint in the action brought by Monell claimed a liability against the defendants larger than the judgment which he recovered, and the damages now claimed in this action, if the two were joined. The failure to keep accurate accounts of sales and the concealment of the true sales, was a breach of the contract, but it was not an actionable fraud, until the representation and proof of the bogus sales and the false accounts had been made at the trial and thereby damage had been wrought. So that the real gist and cause of the action was the fraudulent conspiring with Kendall, and in the use upon the trial of the fictitious contracts, and the support of them by false testimony, and the product thereby of deception upon the receiver Monell, and the court. From the offers made by the appellant there seem to be four questions sought to be presented by him. *First:* Was the action of Monell against these defendants an action between parties different from those engaged in this; and does that prevent the adjudication in that action from being a bar to this? *Second:* Are not the moneys now demanded excluded from the scope of that former action; and is it not the fact that they must have been; and from that, does it not follow that the former judgment fails to be an adjudication in bar? *Third:* Did not the making and the proof by the defendant, in the former action, of the unreal contracts and false books and sales, to the deceiving of the plaintiff therein and the court which tried it and gave judgment, have the effect in law of giving to the plaintiff in this action a right to go behind the judgment and open the accounting then made, and now recover what was left out of it, on the ground that that judgment was got by the defendants by a fraud upon the plaintiff therein and upon the court? *Fourth:* Has not the plaintiff a cause of action for the damages arising from the

frauds alleged in the complaint and offered to be shown in proof, in the nature of an action for fraud and deceit ?

The points and oral argument of the appellant present substantially these four positions.

As the cause of action presented by the averments of the complaint is that set forth in the fourth position above stated, it might be enough to consider only that. But it is not without use to treat them all with some examination.

We do not think that it can be maintained that the action between Monell, as receiver, and these defendants was one between parties different from those engaged in this action ; nor that the moneys demanded in this action were excluded from the scope of the former action. Monell, when appointed receiver of the estate of Chrystie, became vested with the whole thereof. All the choses in action, which the latter owned, passed into the official ownership of Monell. The agreement of Chrystie with the defendants became the property of the receiver ; and he had a right to receive all moneys demandable by virtue of it, and to sue for all such moneys remaining unpaid, whether they had accrued due and payable at the date of his appointment, or became due and payable during the continuance of his receivership. Monell got all the right of Chrystie in that contract, and that right was to have it fulfilled, and all paid that was due upon it. A receiver does not get title to any property which the debtor acquires after the order of appointment is made ; but Chrystie did not thus acquire this agreement ; he owned it before the order, and owned all the good of it. He owned the contract with the defendants, and an interest in all the accounts arising under it. Accounts are single and entire that arise out of one and the same contract : (*Secor* v. *Sturgis*, 16 N. Y., 548.) When the contract passed to Monell, all those accounts passed also. This agreement, so far as the question now under consideration is concerned, is not unlike in its legal effect a mortgage for a single sum, but conditioned to be paid in installments. Though at the time of the appointment of a receiver of the owner of the mort-

gage there should be but one installment due and payable by its terms, the receiver would take the whole title in the mortgage, and could collect any and all installments falling due during his receivership.

The complaint in the action of Monell, as receiver, against these defendants did aver that they had never settled with Chrystie or accounted to him for the business of the years 1870 and 1871 ; but it averred an indebtedness of upwards of $10,000, and demanded an accounting of all the dealings and transactions in relation to the business. And, in fact, the action of Monell against these defendants, in its progress and result, covered the doings under their agreement with Chrystie in the years 1870, 1871, and 1872. The report of the referee covered the years 1870, 1871, and 1872, he finding how many brick were made during these years, and the amount realized therefrom, and the sum thereof due to Chrystie for his share under the agreement. That is the same space of time covered by this action. This action too, in the aspect now in view, seeks to recover the same moneys ; that is, it seeks to recover, by way of damages, a sum equal to that portion of the moneys sued for in that action, which the accounting in that action failed to reveal, and the judgment therein failed to award to Monell.

True, the parties plaintiff in the two actions differ in name of person ; but their representative character is the same, in that each stands for the estate and right of Thomas W. Chrystie. True, they were appointed at the instance of different creditors ; but one succeeded the other in title, and took into possession the same estate and right,— that of Thomas W. Chrystie. Monell took all that Chrystie owned ; so did Verplanck ; and both took the agreement with the defendants. The case of *Bostwick* v. *Menck* (40 N. Y., 383) is not otherwise. It is not denied there that a receiver takes the whole estate of the debtor ; the question there was, what, under the facts shown, was the extent of the debtor's estate in certain property ? The property sought for there was what had been assigned in fraud by the debtor ; and it was

held, that as the assignment, though in fraud, was valid between the debtor and his assignee, and was void only so far as the rights of creditors were affected, the estate of the debtor in the assigned property was no greater than enough to satisfy the defrauded creditors. But it was there said : As to property owned by the debtor at the time of the appointment the rule is different, and it vests the legal title to the whole in the receiver, and he may assert his title thereto, without regard to the amount of the judgments upon which he has been appointed. If the judgment (it continues) is only $100, and the debtor has choses in action to the amount of $10,000, the receiver may collect the entire amount, unless the debtor shall apply to the court and stay his proceedings.

The principles upon which the third position of the appellant is to be determined are well settled. The difficulty generally is, to say within which of them the facts of the case place it. The offers of proof made by the appellant were such that we must assume that the defendants have not fully and fairly accounted to Chrystie or his receivers, and have left unpaid considerable moneys due and payable under the agreement. The defendants say to that, in effect, there has been an action and issue thereupon, a trial, and an adjudication between us, and we have paid all that was adjudicated against us, and that is final. And the principle behind them is : that where the parties in the former suit were the same, or are privies in blood, estate or law ; and where the matters coming in question are the same ; then the former judgment is, as a plea, a bar, and, as evidence, conclusive. As we have shown, the parties to the two actions are the same, or are privies in estate or law ; and the matters in question are the same. But the plaintiff says, if that be conceded, yet the former judgment was obtained by the fraud of the defendants, and is therefore void. The principle behind him is, that fraud and imposition invalidate a judgment, as they do all acts. And, as a general rule, indeed, they do, as to persons not parties to it, and as to a party to it not concerned

in the fraud; but what fraud and imposition are they which so do? The answer is well given in *Patch* v. *Ward* (3 L. R. Ch. Ap., 203). "It must be actual fraud, such that there is the *malus animus* on the part of the person chargeable with it, the *mala mens* putting itself in motion and acting, in order to take an undue advantage of another person, for the purpose of actually and knowingly defrauding him; " p. 206. "Must be fraud which you can explain and define upon the face of the decree, . * * * and that insisting upon rights which, upon due investigation, may be found to be overstated, is not that kind of fraud which will authorize a court to set aside a solemn decision; " (p. 207). "A meditated and intentional contrivance to keep the parties and court in ignorance of the real facts of the case, and obtaining the decree by that contrivance; " (p. 212). The fraud must have been unknown to the opposite party at the time, and for not knowing which he is not chargeable with neglect or inattention, and of which, had he known it, he could have availed himself, in the court giving the judgment; see also *Stilwell* v. *Carpenter* (2 Abb. N. C., 238–263). We may assume, in this case, that the proof would have shown facts which would have tallied with the rules above quoted, in the character of the fraud practiced by the defendants; and that Chrystie and the present plaintiff never knew· or discovered these facts, until after the judgment ·given in the former trial had been paid. Such is the averment of the complaint; and offer was made to prove it. It is to be observed that there is no averment that Monell, the· plaintiff in that action, did not know and had not discovered these facts; nor does it plainly appear that due care and diligence could not have discovered them before the proofs were closed in that trial. It is not needed that the decision of the question be rested here. The difficulty, at ·this point, with the plaintiff's case, is this: This is not an action to set aside the judgment, limited in the amount ·of it by the defendant's fraud. That must be done by ·an equitable suit, for the purpose of setting it aside; (see *Patch* ·v. ·*Ward*, *supra*, 206); but this action does not

seek to vacate or open or set aside the former judgment. It recognizes that judgment as having been paid to a privy in estate of the plaintiff in this action, and seeks to recover further moneys, as damages for the injury done by the fraud on the former trial and preceding it. The plaintiff here does not sue for an accounting between the parties to the agreement. If he had done so, and the former adjudication had been pleaded, he might, without reply (so far as the rules of pleading are concerned) have made proof of the fraud, and thus have transformed the action into one equitable in its nature; *Mandeville* v. *Reynolds* (68 N. Y., 543–546); and have asked for judgment setting it aside and taking a new accounting and awarding payment of the amount found due thereon. We do not now say that he would have been entitled to judgment. But as before said, he has sued, in analogy with an action on the case under the former practice, for the damages resulting to him, through the estate of Chrystie, by the combination, fraud and deceit of the defendants and Kendall. It remains to see whether that action can be maintained.

Now it has been held that an action on the case will not lie against a witness for perjury committed by him on a trial; (D'Anvers' Ab., p. 195, action on the case [ff. 10]; *Harding* v. *Bodman*, Hutton, 11; *Dawling* v. *Venman*, 3 Mod., 108; *Eyres* v. *Sedgwicke*, Cro. Jac., 601); nor against a party for subornation of perjury ; or for a contrivance by which untrue testimony is produced. (*Smith* v. *Lewis*, 3 J. R., 160; *Peck* v. *Woodbridge*, 3 Day, 30.) But there was in former time the writ of conspiracy at common law. It, however, lay in two cases only ; conspiracies to indict for treason, or a capital felony; the party being acquitted ; see *Jones* v. *Baker* (7 Cow., 444). But there also was, and is now an action on the case for conspiracy, or for acts in the nature of a conspiracy. Id. and note 1. (*Hutchins* v. *Hutchins*, 7 Hill, 104–107; *Tappan* v. *Powers*, 2 Hall [N. Y. Sup. Ct.], 277–298.) In such action, the evidence of a technical conspiracy is not essential. The damage is the

cause of action, and the conspiracy mere matter of aggravation; (*Skinner* v. *Gunton*, 1 Wms. Saunders, 228c, note 4); and such action lies where the combination is for the purpose of fraudulently making use of legal proceedings ; and where the damage is effected by such use. (*Swan* v. *Saddlemire*, 8 Wend., 676.) In the case in hand, the plaintiff offered evidence of all the facts alleged in the complaints, and asked to go to the jury, on the ground that the action is for fraud of defendants, in keeping false books and making "*bogus*" sales, and in concealing true sales. The detail we have given of the allegations of the complaint, or a reference to the complaint itself, serves to show that if evidence had been given of the facts averred, there would have been proof tending to show a combination with Kendall to make, and the making of spurious contracts, at unreal and false prices lower than those actually got by the defendants, and the use of those contracts, to fortify and verify the false book account kept by them ; all of which resulted in damage to the estate of Chrystie, and to his receivers, Monell and this plaintiff. Such fraudulent practices are actionable, as the cases cited show. See also *Place* v. *Minster* (65 N. Y., 89). The proof tended to show a concert of action to defraud, which actually resulted in damage. It tended also to show the intent in the defendants to cheat and do damage. There was matter to go to the jury, for them to find the facts for or against the defendants of a fraudulent purpose, carried out by combination and false representations and deceit. The fact, if it be so, that the defendants made no affirmative statement to Chrystie, does not weaken the force of this. The fraudulent concealment might be effectual to carry on, at the outset, the fraudulent purpose, as well as a positive false statement ; and if so, is actionable. (65 N. Y., *supra.*) But there was affirmative statement, when the spurious contracts and the falsely kept books were brought into court, and maintained by the testimony of the defendants.

Nor does the fact that the combination and fraud was

brought to a successful end, by the false testimony produced upon the trial, make the case obnoxious to the rule that there can be no civil action for perjury or subornation of perjury. The false testimony is not the sole moving factor in the cause of action. The fraudulent purpose or intent, formed before the accounting and trial, the fraudulent concoction of the unreal contracts with Kendall, and the false entries in the books of account, are the chief bases of the cause of action. The acts of the defendants upon the trial are but a part of an entire transaction.

Nor does this action, if countenanced and successful, open the judgment in favor of Monell, receiver. It recognizes that judgment as existing and as a final determination of the accounts between the defendants and the estate of Chrystie; and as thus final, as one of the means of the damage to that estate. Nor is this view in conflict with *Ross* v. *Wood*, 70 N. Y., 8. That was an equitable action to open a judgment, rendered upon conflicting evidence, on the ground of conspiring to obtain it by perjury and fraud. The grounds of that decision were that the former trial was impartial and fair; that the plaintiff was not surprised by the testimony given, was not prevented from fully and fairly litigating the action, and giving all the evidence which could then or now be given; and that it was not claimed that he did not then have the benefit of it all. It was held that, in such case, there was no power to open the judgment.

The appellant urges, that if we come to the conclusion that there was error at the trial, we ought to give him judgment absolute, on a verdict rendered in his favor on a former trial of this case. That record is not before us. It has been remitted to the court below. And if it were before us, it would show the verdict set aside and a new trial ordered by the Supreme Court, and that determination unreversed, and with no jurisdiction in this court to review it.

We can only pass upon the judgment brought up by the present record.

That judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.