Per Curiam.
The defendant was held liable in dam ages because, in an action brought by the plaintiffs against the Queen Publishing Co., a corporation formed under the laws of New York, in the Marine Court of the city of New York, for goods sold on note and open account, he, as the president of said corporation, with intent to hinder and to delay the plaintiffs in the collection of their claim in suit and with intent to defraud them, made and. swore to an affidavit which he knew to be essentially untrue, and on it procured an order to show cause why a bill of particulars should not be furnished, with a stay of all proceedings in the meantime and an extension of time to answer for twelve days, and thereafter, with the like intent, interposed an answer, also sworn to by him, which he knew to be false; and because, while the plaintiffs’ proceedings were thus ob *349 structed, lie, the defendant, by collusive arrangements with others and in a great part upon fictitious claims, procured and suffered the recovery of judgments against the corporation and the issuing of executions thereon, under which all the property of the corporation was sold and disposed of before the plaintiffs could obtain their judgment, so that, when the plaintiffs did recover judgment, it was uncollectible and worthless, although it could have been collected if the plaintiffs had not been obstructed as stated. The foregoing facts were found by the referee and there is evidence to sustain the findings.
This being so, and no error having been pointed out in the admission of evidence, the question is whether upon the facts as stated and found, a civil action can be maintained.
In so far as the referee relied upon the decision in Moffat v. Herman by the General Term of the City Court of New York, he cannot be sustained, because that decision was reversed by the General Term of the Court of Common Pleas.
It was shown in Verplanck v. Van Buren, et al., 76 N. Y. 247 (259) and cases there cited, that an action on the case will not lie against a witness for perjury committed by him on a trial; nor- against a party for subornation of perjury, or for a contrivance by which untrue testimony is produced. In so far therefore as the action rests upon the perjury of the defendant, it cannot be sustained.
But it was also shown in the case last referred to that there was in former time the writ of conspiracy at common law, which lay in two cases only, viz : conspiracies for treason, or a capital felony, the party being acquitted, and that there also was, and is now, an action on the case for conspiracy, or for acts in the nature of a conspiracy. Such an action on the case lies where there is a combination for the purpose of fraudulently making use of legal proceedings, and damage is effected by such use.
*350 The plaintiffs are not in a position to claim a benefit from Verplanck v. Van Buren, because, if for no other reason, the complaint here does not charge a conspiracy.
It then remains only to be seen whether the action can be sustained as one for fraud causing damage. If there was an actionable fraud, it must have been one which was committed by the defendant individually. Upon this branch of the case the following considerations arise, viz.: All of the acts done by- the defendant of which the plaintiffs complain were done while the plaintiffs were general creditors of the corporation of which the defendant was an officer. The defendant was not the plaintiffs’ debtor. His acts cannot be more actionable than would be the same acts by the debtor.
Adler v. Fenton, 24 How. (U. S.) 408, was an action begun by creditors of two of the defendants, upon the complaint that the latter had combined and conspired with their co-defendants to dispose of their property fraudulently, so as to hinder and defeat their creditors in the collection of their lawful demands, and that, by means of such fraudulent acts, the plaintiffs suffered vexation and expense and finally incurred the loss of their debt. There was testimony tending to convict all the defendants of the fraudulent acts alleged against them.
The opinion of the court notices that, at the time of the fraudulent acts, the creditors had no lien upon their debtors’ property, and that the debtors had a legal right to use and dispose of it, as they pleased. In citing Moran v. Dawes, Hopkins, Ch. R. 365, it was said that it was clear that Chancery would not interfere to prevent an insolvent debtor from alienating his property to avoid an existing or prospective debt, even when there is a suit pending to establish it. From Moran v. Dawes, supra, was cited that “ a creditor requires a lien upon the lands of his debtor by a judgment and upon the personal goods of the debtor, by the delivering of an execution to the sheriff. Before these liens are acquired *351 the debtor has full dominion over his property, he may convert one species of property into another and he may alienate to a purchaser.” The court ended by saying that “ in the absence of special legislation we may safely affirm that a general creditor cannot bring an action on the case against his debtor or against those combining and colluding with him to make dispositions of his property, although the object of these dispositions be to hinder, delay and defraud the creditors.”
In the case just cited the plaintiffs do not seem to have recovered judgment on their original demand. In the present case the plaintiffs have become judgment creditors. The things of which they complain, were however all done while they were but simple creditors. If the acts were not then actionable, they did not become so by a subsequent recovery of judgment.
It has been determined in this state that there is no equitable right to an injunction to restrain a debtor intending to defraud his creditor, by transferring property, from accomplishing his intent. Reubens v. Joel, 13 N. Y. 488.
These considerations fully establish that the action cannot be sustained as one for fraud.
There being ho aspect in which the action in its present form can be upheld, the judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs to the appellant to abide the event.