William B. Lawless, J.
Defendant, H. Theodore McBoberts, moves for judgment on the pleadings dismissing the complaint herein pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice on the ground that the complaint fails to state facts necessary to constitute a cause of action.
This action was commenced in this court in April, 1954. There are three separate causes of action pleaded. The first is brought by various stockholders of the Great Eastern Gas Corporation who each allege that he was damaged by virtue of fraud and deceit of the defendants who, as officers and directors of plaintiff corporation, wrongfully represented and induced the plaintiffs *980 to render valuable services to said corporation and to purchase stock therein by holding out the corporation as the owner of a certain valuable natural gas lease (with the Charleroi Mountain Club) and the one-eighth override royalty income created thereon. These plaintiffs allege further that defendants made representations that the corporation was the owner of the royalty on the property in question, allowed the corporation to enter oral and written statements and documents which held out the corporation as the owner of the said royalty as an inducement to purchase stock in the corporation. It is further alleged in the first cause of action that the defendants acted in concert with each other, and others, as part of a conspiracy to defraud the plaintiffs.
The second cause of action alleges in substance that the plaintiff Oldham has been deprived of property rights in his individual capacity because the defendants conspired in April, 1951 to deprive him of his interest in the Charleroi property and to other lands which he was developing for gas exploration. Oldham contends that he was the owner of the Charleroi Mountain Club lease and was not obliged to place it in the name of the Phelps Prospecting Company. Oldham contends that the defendants conspired among themselves to have him place the title to the Charleroi lease in the name of the Phelps Prospecting Company so that they could, at a later date, make a fraudulent claim therefor as members of the Phelps Company; that defendants fraudulently concealed their intentions until they served a complaint in a separate action in the County of Allegany, State of Pennsylvania, in November, 1953. In the second cause of action Oldham also contends that, as between him and the fraudulent claims of the defendants as members of the Phelps Prospecting Company, he is the owner of the rights of the Charleroi Mountain Club lease; that he was deprived thereof by virtue of fraud and deceit of the defendants, who formed an unlawful conspiracy against him.
The third cause of action is brought by plaintiff G-reat Eastern Gas Corporation. It alleges a fraudulent conspiracy and combination entered into between the defendant and other stockholders of plaintiff corporation, some of whom were officers and directors thereof, prior to its incorporation; that defendants sought to defraud the corporation and its stockholders, and to appropriate unto themselves the rights of the Charleroi property and other assets of the corporation. The complaint alleges that the defendants accomplished their scheme and conspiracy by wrongfully withholding as officers and directors and stockholders of the corporation, the fact that they were doing business *981 as members of the Phelps Prospecting Company from April, 1951 and, contrary to representations by which they held out the corporation as owner of the Charleroi lease rights, they themselves later claimed these rights as members of Phelps Prospecting Company. The complaint asserts that they were under an obligation to reveal this fact to the corporation, its stockholders and directors.
FACTS
In 1950 and in the early part of 1951 Oldham and Phelps discussed the prospect of raising money and entering a gas venture in the Pennsylvania oil fields. Oldham had already secured gas leases, and Phelps had been active in similar ventures. In April, 1951, Phelps raised funds with a view toward a venture with Oldham. The name of ‘ ‘ Phelps Prospecting Company ” was suggested to solicit venture capital. In the Spring of 1951, approximately $4,100 was raised and paid into the Phelps Prospecting Company. It was understood that the income of Phelps was to come from overrides on gas royalties. Under an agreement of August 21,1951, Charleroi Mountain Hunting Club and Phelps Prospecting Co. agreed that Phelps would receive a one-eighth override with respect to any gas lease involving the Charleroi property. Thereafter an agreement for drilling was executed between Charleroi and the Keta Cas & Oil Co. Thereafter and on November 26, 1951, Keta assigned a one-eighth override to Creat Eastern Cas Corporation which company was formed and apparently controlled by Oldham. This assignment was not recorded in Pennsylvania until August 21, 1953. Individuals who had invested in Phelps were also given stock in Creat Eastern. Creat Eastern was to be a drilling corporation. The minutes of the Creat Eastern Cas Corporation of July 12, .1951 indicate that Oldham was to receive 30,000 shares of stock for his assignment to the corporation of three specific gas leases. Thereafter a dispute arose between McBoberts and Oldham and three separate lawsuits were initiated by McBoberts. The first action was commenced August 14, 1953 in Erie County, New York, for the purpose of setting aside the 30,000 shares of stock issued to Oldham and his designees on the ground of lack of consideration in that the three leases were never in fact assigned to Creat Eastern.
A second action was commenced in the Fall of 1953 by McBoberts in Potter County, Pennsylvania, to restrain Keta from paying over any gas royalties to Creat Eastern during the pendency of the New York action on gronnds that any sums so paid would come into the control of Oldham. This apparently concluded with the disposition of the New York action.
*982 ' A third cause of action was commenced September 23,1953 in Allegany County, Pennsylvania, to set aside the assignment to .Great Eastern of the one-eighth override, pursuant to the Charleroi lease on grounds that this override belonged to Phelps.
The New York litigation terminated in favor of Oldham with the affirmance by the Appellate Division (3 AD 2d 891 [4 th Dept., 1957]) of the opinion of Supreme Court Justice Paul J. Batt following trial of the stockholders’ derivative action in Erie County, New York. That decision dismissed a stockholder action which would have required Oldham to place the Charleroi Mountain Club lease in the name of Phelps Prospecting Co. In that litigation, McBoberts, suing derivatively in the name of Great Eastern, contended that Great Eastern Gas Corporation was the owner of the override on the Charleroi property, and that although Oldham assigned the Charleroi lease to the Great Eastern Gas Corporation, it was not sufficient to overcome an alleged failure of consideration. Judge Batt found that Oldham acquired the Charleroi lease personally and the corporation benefited and thereby acquiesced and ratified in the transfer of this lease to the corporation as consideration instead of the three other leases which Oldham had agreed to transfer to it.
In the action brought in Allegany County, Pennsylvania, McBoberts sought to have the assignment of the Charleroi override to Great Eastern set aside and restored to Phelps Prospecting Co. The plaintiffs succeeded in that action and subsequent appeal to the Supreme Court of Pennsylvania affirmed such decision (McRoberts v. Phelps, 391 Pa. 591), thereby declaring the assignment of the gas lease override to Great Eastern to be improper, and restoring the one-eighth override and all sums paid pursuant to the same to the Phelps Prospecting Co.
In the action before this court, the plaintiffs contend that defendants are guilty of fraud and deceit as joint tort-feasors acting in a conspiracy. Plaintiff contends that in all three causes of action, the defendants were acting both individually and in their capacity as officers, directors and stockholders of plaintiff corporation during the duration of the fraudulent scheme and conspiracy alleged in the complaint.
CONTENTION OF THE DEFENDANT
FIRST CAUSE OP ACTION
Defendant McBoberts contends that this cause of action is defective on its face because it fails to allege that defendant McBoberts made any specific representations to plaintiffs Yackel, Castle, Bubino, Coles or Frank. However, the complaint *983 does allege that the defendants were acting in conspiracy, and a reading of paragraph Fifth of the bill of particulars herein dated November 14,1961 discloses that the “ defendants [including McRoberts] falsely and fraudulently represented to the stockholders of plaintiff corporation that the corporation was the owner of the lease rights on the Charleroi Mountain Club property”. Inasmuch as plaintiffs are stockholders of the plaintiff corporation, this objection to the pleading fails.
Defendants contend that the first cause of action fails to allege that defendants knew that the representations they made were false at the time of making them and therefore, the complaint fails to allege scienter and it is defective. However, paragraph Twenty-Seventh of the plaintiff’s complaint alleges that defendants, together with others, “ falsely and fraudulently concealed ” their activities as members of phelps prospecting co.” We believe this language embraces scienter without specifically stating it. See Dudley v. Scranton (57 N. Y. 424, 428 [1874]) and directly in point, see Carr v. Sanger (138 App. Div. 32 [2d Dept., 1910]), wherein the court held that the complaint did not fail because a pleading sufficiently sets forth scienter where it asserts that concealments are “ falsely and fraudulently ” made. (See, also, Thomas v. Beebe, 25 N. Y. 244; Dudley v. Scranton, supra.)
SECOND AND THIRD CAUSES OF ACTION
The second and third causes of action are essentially the same except that in the second cause of action Oldham sues personally whereas in the third cause of action, a derivative cause is pleaded on behalf of the Great Eastern Gas Corporation. Plaintiff contends that these causes of action are brought within the holding of Verplanck v. Van Buren (76 N. Y. 247 [1879]). In that case, the court held that a separate action lies against parties who, in pursuance of a conspiracy or combination, fraudulently make use of legal proceedings to injure another party. In the Verplanck decision, the court held that a former judgment which had accepted and approved fictitious accounts of sales as true was not a bar to a separate action brought to recover damages resulting from the fraud.
In Verplanck, the assertion was made as in the complaint before us, that false testimony was produced on the prior judicial proceeding. As to it, the court held that this alone was not the sole moving factor in the cause of action but rather, the court looked to the fraudulent purpose formed before the accounting and trial, the fraudulent concoction of unreal contracts and the false entries in the books of accounts. It asserted that the acts of the defendants upon the prior trial were but a part of an entire transaction.
*984 We concur with plaintiffs’ interpretation of Verplanck, namely, that it does recognize that a civil action for fraud and deceit based upon a conspiracy may lie where the fraud is brought to a successful end by false testimony produced upon a prior trial and where the false testimony is not the sole moving factor upon which the cause of action is based.
Beading the complaint as a whole, plaintiffs are pleading a master conspiracy to defraud the plaintiffs. The perjury or conspiracy to commit perjury in Allegheny County, Pennsylvania, must be considered only as a separate step toward accomplishing the master conspiracy. The basic fraud described in the complaint arose prior to the Allegheny County allegation and, with particular reference to the second and third causes of action, we believe that the plaintiffs have pleaded themselves within the holding of Verplanck (supra). See, also, Ross v. Preston (292 N. Y. 433 [1944]) wherein the Court of Appeals interpreted the holding of Verplanck to mean that where a wrongdoer fraudulently conceals his wrong from the injured person who agrees, in ignorance of the wrong, and the entry of a judgment or judicial decree enters thereon, the decree does not defeat an action for damages resulting from the fraud, or preclude the injured party from proving that the settlement was induced by fraud. As Chief Judge Lehman pointed out, the entry of the judgment was merely an incident of the fraud which had been perpetrated and it was only a step in the consummation of the antecedent fraud.
APPLICATION .OF PENNSYLVANIA LAW
Defendants contend that Pennsylvania law controls this case because it is settled law in New York that in tort actions, our courts will apply the substantive law of the jurisdiction where the injury occurs. Defendant argues that if any plaintiff was injured, he was necessarily injured in Pennsylvania by reason of the judgment of the Court of Common Pleas of Allegheny County, Pennsylvania, and if defendant committed any wrongful acts against plaintiff, they did so in Pennsylvania. We cannot accept these arguments, in view of the allegations of the complaint. The present action was commenced in April, 1954 before the trial and entry of judgment in Pennsylvania. Further, the misrepresentations, if any, occurred in the course of the business transactions carried on between the parties, not in later litigation to rectify them. Further, plaintiffs claim misrepresentations dating to 1952 and 1953 which allegedly occurred in Buffalo. The Phelps Prospecting Co. and the Great Eastern *985 Gas Corporation had their principal office and place of business in the City of Buffalo, Now York and, according to the plaintiffs, the principal transactions upon which these plaintiffs relied and acted to their detriment, occurred within the State of New York. Paragraph Eighth of the complaint asserts that prior to the 28th day of June, 1951 and on numerous occasions subsequent thereto, defendants made representations “ in the State of New York and the State of Pennsylvania”. Again, in paragraph Thirteenth of the complaint, the allegation is made that the defendants and each of them “ In the State of New York, the State of Pennsylvania and the State of New Jersey, represented and continued to represent and warrant to the plaintiffs, etc.” In view of these allegations on the face of the complaint, specific torts are alleged to have been committed in New York. We need not consider, therefore, whether there is a conflict of laws between the State of Pennsylvania with regard to this action.
For various reasons indicated, we conclude that the first, second and third causes of action as set forth in the complaint, liberally construed, constitute separate causes of action under the laws of the State of New York and the motion for judgment is therefore denied, with $25 costs.