■ HERMAN C. POLLACK, Respondent, v. BRUCE BARTON, Appellant.— Order entered June 8, 1962, unanimously reversed, on the law and the facts, with $20 costs and disbursements to appellant, and the motions to dismiss the amended complaint for insufficiency pursuant to the provisions of subdivision 4 of rule 106 of the Rules of Civil Practice and as barred by the Statute of Limitations pursuant to subdivision 5 of rule 107 are each granted, with $10 costs. The amended complaint alleges what plaintiff characterizes as a fraudulent conspiracy between defendant and his deceased attorney to pervert and obstruct justice, in order to bring about respondent's disbarment and the prevention of his reinstatement thereafter. Concededly, the complaint does not purport to plead a cause of action for malicious prosecution or abuse of process. It does not set forth an action for prima facie tort (*Ruza* v. *Ruza*, 286 App. Div. 767; *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170), nor does it allege a conspiracy fraudulently to use legal proceedings to injure another (*Verplanck* v. *Van Buren*, 76 N. Y. 247). In any event, plaintiff's action is barred by the Statute of Limitations. The alleged conspiracy was not one that could have continued beyond the date of death of defendant's attorney in 1935. Nor could the information obtained by plaintiff in 1958 from his former lawyer have disclosed any new facts essential to his present cause of action that were not known to him during the course of the disciplinary proceeding. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOYLE TURNER, Appellant.— Judgment rendered on September 27, 1961, convicting defendant of violating subdivision 1 of section 78 of the Multiple Dwelling Law upon the complaint of the owner of the premises, unanimously reversed, on the law and on the facts, and the complaint dismissed. The evidence fails to establish defendant's guilt beyond a reasonable doubt. It does not appear that defendant caused the alleged violation. The evidence such as it is indicates conduct on the part of the defendant tending to impede the correction of a condition. Such interference, however, on this record is not tantamount to a violation caused by this defendant by his own act within the meaning of the statute. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.