Jasen, J.
(dissenting). Reviewing the third through seventh causes of action of the complaint in a common sense framework, I conclude that in each it is redress for subornation of perjury that is sought. Under settled principles, such an action for damages does not lie. (E.g., Crouse v McVickar, 207 NY 213, 219.) Each cause, while dressed in other legal garb, comes back to a common point of departure — that one Stevens, a Haupt employee, was induced to change his testimony and that his change in testimony caused a lower settlement to be reached in the trustee’s action than otherwise should have been, all to plaintiff’s damage. In sum, in sharp contrast to *220 Verplanck v Van Buren (76 NY 247), the sole moving factor in the alleged fraud and deceit, tortious interference with contract and breach of contract of fair dealing, is the allegedly false testimony before the trustee, and for that reason these causes of action, however artfully drawn the pleadings, will not lie.
Accordingly, I dissent.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Fuchsberg; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed, with costs. Question certified answered in the affirmative.