ALEXANDER J. Ross, Appellant, *v.* FRANCIS PRESTON et al., as Administrators with the Will Annexed of the Estate of WILLIAM H. SCHMIDT, Deceased, Respondents.

Decided April 20, 1944.

Argued April 10, 1944; decided April 20, 1944.

*J. Norman Crannage* for appellant. I. Appellant has a remedy at law for damages resulting from the loss sustained by him in consequence of the fraudulent agreement. (*Ochs* v. *Woods*, 221 N. Y. 335; *Vail* v. *Reynolds*, 118 N. Y. 297; *Weigel* v. *Cook*, 237 N. Y. 136; *Sager* v. *Freidman*, 270 N. Y. 472; *Reno* v. *Bull*, 226 N. Y. 546.) II. The existence of the decree of the Surrogate's Court admitting the will to probate is not a bar to this action. (*Verplanck* v. *Van Buren et al.*, 76 N. Y. 247; *Adams* v. *Clark*, 239 N. Y. 403; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239.)

*Alan M. Stroock* and *Francis Preston* for respondents. I. The judgment dismissing the complaint must be affirmed since the probate decree, which is not attacked directly, bars proof

by the plaintiff that the will was invalid and without such proof the plaintiff is unable to show that he suffered any damage. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170; *Reich* v. *Cochran*, 151 N. Y. 122; *Crouse* v. *McVickar*, 207 N. Y. 213; *Matter of Horton*, 217 N. Y. 363; *Schuylkill Fuel Corp.* v. *Neiberg Realty Corp.*, 250 N. Y. 304; *Noll* v. *Ruprecht*, 282 N. Y. 598; *Gould* v. *Cayuga County National Bank et al.*, 86 N. Y. 75; *Anderson* v. *Smitley*, 141 App. Div. 421; *Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.*, 230 N. Y. 316; *White* v. *Merritt*, 7 N. Y. 352; *Farrington* v. *Bullard*, 40 Barb. 512; *Scopano* v. *United States Gypsum Company*, 166 Misc. 805; *Smith* v. *Lewis*, 3 Johns. 157; *United States* v. *Throckmorton*, 98 U. S. 61.) II. The decision in *Verplanck* v. *Van Buren* (76 N. Y. 247) has no relevance to the present complaint and affords no authority for sustaining the cause of action alleged by the plaintiff. (*Dalury* v. *Rezinas*, 183 App. Div. 456, 229 N. Y. 513; *Harvey* v. *Comby*, 245 App. Div. 318; *Silverman* v. *Doran*, 23 Misc. 96.)

LEHMAN, Ch. J. The plaintiff seeks damages which he asserts resulted from the fraud of William H. Schmidt, the defendants' intestate, hereinafter for brevity referred to as the defendant. The complaint was dismissed upon the defendant's motion on the ground that it does not state facts sufficient to constitute a cause of action. From the complaint it appears that plaintiff, in 1935, filed formal objections to the probate of a paper writing which purported to be the last will and testament of Edward C. S. Fleet upon the " grounds that said decedent was under undue influence and lacked testamentary capacity ". The plaintiff was the sole heir and next of kin of the decedent. The defendant is the person named " as executor and sole beneficiary " in the paper writing. The plaintiff and the defendant entered into an agreement " by the terms of which, in consideration of the payment by the said William H. Schmidt to the plaintiff of the sum of Five thousand five hundred ($5,500.00) dollars, plaintiff agreed to withdraw his objections and consent that the said purported Will be admitted to probate." Pursuant to the agreement the plaintiff executed a stipulation withdrawing his objections and consented to the probate of the will. The will was admitted to probate and the plaintiff executed a general release to the defendant and received the stipulated consideration.

The plaintiff, it is said, was induced to withdraw his objections to the probate by fraudulent representations of the defendant " that the estate * * * was comparatively small and that the value thereof did not exceed the sum of Twenty-five thousand ($25,000.00) dollars, and that in view of the amount involved, it would be advisable and more practical for the plaintiff to withdraw his objections to the probate and accept a settlement, rather than to continue his contest to the probate of said Will." The value of the estate was, it is said, approximately $372,000 and the defendant fraudulently misrepresented the value in order to induce the plaintiff to withdraw his objections to the probate of the will.

The plaintiff, we assume, could, because of these fraudulent misrepresentations, rescind the agreement to consent to a decree of probate or bring an action for rescission. He would then, however, be obliged to return the consideration he has received and would gain no advantage unless the probate proceedings are reopened and he receives permission, belatedly, to interpose objections to the probate of the will of the decedent and can sustain his objections in the probate proceeding. The plaintiff prefers to retain the consideration paid to him and to affirm the agreement, asking in this action for damages caused to him by the defendant's fraud which induced him to make the agreement. Those damages are the value of the right, which he relinquished, to interpose objections to the probate of the paper writing purporting to be the decedent's will. (*Reno* v. *Bull,* 226 N. Y. 546; *Sager* v. *Friedman,* 270 N. Y. 472.) Injury is an essential element of a cause of action for damages resulting from fraud. (*Ochs* v. *Woods,* 221 N. Y. 335.) The plaintiff has suffered no injury unless the value of the right to contest the probate of the will, which the plaintiff gave up in return for $5,500 was worth more than that amount. Unless the plaintiff can prove that the decedent in truth lacked testamentary capacity or acted under undue influence, the value of the right to contest the probate would be only speculative and the plaintiff would fail to establish any cause of action. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.,* 202 N. Y. 170.) An earlier complaint of the plaintiff was dismissed because the complaint failed to allege " the validity of some one or more of the objections sufficient to affect the validity of the will " and because " the decree

of the Surrogate's Court admitting the will to probate would in any event preclude the plaintiff from making such proof in this action." (*Ross* v. *Fida*, 265 App. Div. 586.)

Where a wrongdoer fraudulently conceals his wrong from the injured person who agrees, in ignorance of the wrong, to a settlement of the accounts of the wrongdoer and the entry of a judgment or judicial decree in accordance with the agreement, the decree does not defeat an action for damages resulting from the fraud, or preclude the injured party from proving that the settlement of the accounts was induced by fraud. (*Verplanck* v. *Van Buren et al.,* 76 N. Y. 247; *Gould* v. *Cayuga Co. Nat'l B'k et al.,* 99 N. Y. 333.) In those cases the fraud consisted of fraudulent " concoction " of fictitious contracts; of " false entries in books," of false statements by a banker that bonds were stolen while in its possession though, in fact, they were converted by the banker. In each case these were the " chief bases of the cause of action." The entry of judgment merely was an incident of the frauds which had been perpetrated outside of the former actions and the reason why the judgment settling the accounts did not preclude proof of the antecedent fraud is that the trial and judgment was only a step in the consummation of the antecedent fraud. *(Verplanck* v. *Van Buren, supra,* at pp. 260–261.)

Here, on the contrary, there was no fraud outside of the probate proceeding. The plaintiff pleads that the settlement was procured to prevent a " discovery by plaintiff * * * of all the true facts as to lack of testamentary capacity and of undue influence ". There is no allegation in the complaint that the defendant misrepresented the true facts or that he induced the plaintiff to compromise a claim for less than its value or that the court made a decree in accordance with a compromise. The action is solely for damages caused by an agreement to withdraw his objections and to consent to an adjudication that the will propounded by the defendant was valid. The plaintiff cannot affirm that agreement, retain the consideration received upon it and, at the same time, assert that the will which has been probated is not the act of the testator. He was paid the stipulated price for his admission that the will was valid. If no decree had been entered

in accordance with the agreement he could not have opposed probate unless he had rescinded his agreement. He cannot affirm his agreement to withdraw his objections and to consent to the entry of a decree and, at the same time, urge that he could sustain those objections and that the adjudication that the will is valid, to which he consented for a price which he retains, is not binding upon the parties to the decree.

The judgment should be affirmed, with costs.

LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgment affirmed.