NATHAN ROSENBLUTH, Plaintiff, *v.* SOL SACKADORF et al., Defendants.*

Supreme Court, Special Term, Kings County, December 29, 1947.

Cf. *Goetz* v. *Doody*, 190 Misc. 574.— [REP.

*Milton M. Eisenberg* and *Ralph Weller* for defendants.

*Douglas & Douglas* for plaintiff.

FROESSEL, J. Motion by defendants for an order, pursuant to rule 106 of the Rules of Civil Practice, dismissing the complaint herein for legal insufficiency, or, in the alternative, for an order, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings. The allegations of fact stated in the complaint must be assumed to be true for the purposes of either branch of the motion (*Locke* v. *Pembroke,* 280 N. Y. 430; *Staten Island Edison Corp.* v. *Maltbie,* 270 App. Div. 55). Thus considered, the essential facts are as follows:

Since September 20, 1938, the plaintiff was a tenant occupying an apartment in premises owned by the defendants. Since October 1, 1942, the defendants have tried, by various means, to oust the plaintiff from the apartment. On August 15, 1944, the defendants wrote to the plaintiff that he was undesirable and demanded that he vacate the apartment. On or about January 31, 1946, the Office of Price Administration ordered a reduction in plaintiff's rent. On April 10, 1946, the defendants applied to the Office of Price Administration for an increase of rent, but without success. On June 19, 1946, the defendants conspired to evict the plaintiff, and on June 27, 1946, obtained a certificate of eviction from the Office of Price Administration, which office relied on their false and fraudulent representations that they intended extensively to alter plaintiff's apartment into two separate units. Armed with this certificate, they filed a false and fraudulent petition in the Municipal Court on

December 12, 1946, and by means of false and fraudulent testimony there, on which the court relied, obtained a final order directing plaintiff to vacate the apartment by June 17, 1947, which he did by reason of a threatened warrant of eviction, pursuant to said final order. Shortly thereafter, the defendants rented said apartment to another tenant at a higher rental without making such alterations, all to plaintiff's damage.

Defendants, in their brief in support of this motion, contend that (1) if any fraud were committed by them, it was against the Office of Price Administration and the Municipal Court and not against the plaintiff, and (2) " There is no law and particularly no regulation of the O. P. A. providing any penal punishment or exemplary damages for a violation, except maybe cases where there have been charges proven of excessive rent paid."

It is well settled that " ' If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied ' " (*Condon* v. *Associated Hospital Service*, 287 N. Y. 411, 414); that every intendment and fair inference is in favor of the pleading (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430); and that if the pleading challenged is imperfect in form and terminology, the imperfections will be disregarded and the substance alone considered in determining its legal sufficiency (*Drydock Knitting Mills, Inc.,* v. *Queens Machine Corp.,* 254 App. Div. 568.)

(1) I see no merit in defendants' first contention. The complaint charges that defendants sought " to defraud the Office of Price Administration, the Municipal Court of the City of New York, *and the plaintiff* " (italics mine), and after previous efforts to oust the plaintiff and procure from him a higher rental conspired to compel his eviction by fraud.

The misrepresentations made to the Office of Price Administration and the court were in essence continuous and were but part of the whole picture of misrepresentation to the plaintiff, for defendants' ultimate motive was to defraud the plaintiff. Their liability to the plaintiff, as the person defrauded, is the same as if the false representations had been made directly to him. (*Eaton, Cole & Burnham Co.* v. *Avery*, 83 N. Y. 31; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 179.)

(2) Defendants' second contention is correct, but it does not follow therefrom that plaintiff has no cause of action at common law based upon fraud. Nor is the doctrine of *res judicata* involved. Plaintiff is not seeking to set aside the determinations of the Office of Price Administration and the Municipal Court,

nor to attack them collaterally. On the contrary, he recognizes them, but pleads them as links in the chain of events amounting to fraud on the part of the defendants, a fraud which could not immediately be detected because concealed in the minds of defendants. He attacks not the determinations, but the methods employed by defendants to procure them. In this respect, I differ from the opinion expressed by my learned colleague in *Thomsen* v. *Texon* (189 Misc. 972).

As was said in *Ross* v. *Preston* (292 N. Y. 433, 437): "The entry of judgment merely was an incident of the frauds which had been perpetrated outside of the former actions and the reason why the judgment settling the accounts did not preclude proof of the antecedent fraud is that the trial and judgment was only a step in the consummation of the antecedent fraud. (*Verplanck* v. *Van Buren, supra,* at pp. 260–261.) "

In *Boston & Maine R. R.* v. *Delaware & Hudson Co.* (238 App. Div. 191, 195) the court employed the following language: " Where the jurisdiction of a court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there shall be a remedy."

In *Verplanck* v. *Van Buren* (76 N. Y. 247) the court sustained a complaint in an action for damages for fraud where it was sought to have a judgment in a former action constitute a bar to the pending action. The court said, at pages 260–261: " Nor does the fact that the combination and fraud was brought to a successful end, by the false testimony produced upon the trial, make the case obnoxious to the rule that there can be no civil action for perjury or subornation of perjury. * * * The acts of the defendants upon the trial are but a part of an entire transaction."

In *Byrnes* v. *Owen* (243 N. Y. 211) the defendants conspired to defraud the plaintiff wife of her dower rights. This they accomplished by having the wife join in the execution of a mortgage which the husband did not pay although able to do so; on the contrary, he caused the mortgage to be foreclosed. At page 217, the Court of Appeals said: " It seems to be thought, however, that because a judgment of foreclosure and sale was one of the steps in the fraudulent scheme to deprive plaintiff of her dower right, the result is immune from attack and the plaintiff barred from any relief against the injury which has been perpetrated upon her."

The court held the complaint to be good even though it assumed that the judgment of foreclosure was valid and said

(p. 218) that plaintiff's claim "\* \* \* involves consideration of the *use* which the defendant is attempting to make of the judgment and presents the question which I think must be answered in the negative whether a fraudulent scheme like this can be any more successfully consummated by the use of a judgment forced by the fraudulent actor, than by the employment of some other means."

Concededly, the plaintiff was a statutory tenant under the Emergency Price Control Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), and the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13914) issued thereunder. As such, he had certain statutory rights to remain in the premises, but where the landlord sought in good faith to recover possession thereof for the immediate purpose of substantially altering or remodeling them in a manner which could not practically be done with a tenant in occupancy, and the plans for such alteration or remodeling had been approved by the proper authorities, a certificate relating to eviction was authorized. This statutory right of the tenant was, by force of law, impliedly written in every hiring of residential space between the landlord and tenant, whether the arrangements were oral or written. It was as much a part of the hiring as though it had been embodied in a written instrument.

Assume that a landlord and tenant in a written lease agreed that the tenant must vacate, regardless of the expiration date of the lease, whenever the landlord chose to occupy the tenant's apartment. Assume, further, that the landlord gave notice to the tenant that he so desired it, but subsequently it developed that that was never his intention. Can it be denied that the tenant, having given up the balance of his term on the strength of such representation at substantial damage to himself, could not sue in fraud to recover such damage? It needs no argument to demonstrate that the same result must follow where the tenant has a statutory right, for to deprive one of such a right is no less redressable than to deprive him of a contractual right.

I am not concerned here as to whether or not the plaintiff will ultimately succeed which, of course, only a trial will demonstrate. But, on the legally admitted allegations of the complaint before me, to hold that a landlord may, by fraud and misrepresentation, imposed upon his tenant, a Federal agency and one of our courts of record, retain the fruits of his fraud after discovery, without redress on the part of the tenant, is shocking and a mere mockery of justice.

The motion is denied. Submit order.