ALAN DAVID, Respondent, v. LEO FAYMAN et al., Appellants.

Second Department, April 5, 1948.

*David Kagan* for appellants.

*David I. Kraushaar* for respondent.

Lewis, P. J.   The complaint is attacked for insufficiency.   It attempts to set forth two causes of action for damages: one for fraud and deceit and the other for conspiracy to defraud.   The plaintiff is a former tenant of a one-family dwelling house owned by defendant Fayman, at Neponsit, Queens County.   Defendant Haim, who succeeded plaintiff as Fayman's tenant, is alleged to have been a co-conspirator with Fayman in procuring plaintiff's eviction.

The complaint alleges that in October, 1946, Fayman filed a petition with the Office of Price Administration for a certificate permitting him to institute summary proceedings against the plaintiff, the petition containing a statement or representation that Fayman required and desired possession of the premises solely for occupancy by himself and his family.   The complaint contains no allegation to indicate whether plaintiff, who received a copy of the petition, opposed the granting of the certificate which the O.P.A. issued on November 20, 1946, authorizing Fayman to pursue his remedies to evict the plaintiff at any time subsequent to four months from October 31, 1946.

The complaint further alleges that on March 1, 1947, Fayman filed a petition in the Municipal Court, Borough of Queens, stating that he desired to evict the plaintiff and that he intended to use the premises for himself and his family.   After a precept had been issued by the Municipal Court requiring plaintiff on March 12, 1947, to show cause why possession should not be awarded to Fayman, plaintiff appeared by his attorney and entered into a stipulation permitting a warrant of eviction to issue, but staying execution thereof until May 15, 1947.   The warrant of eviction was so issued against plaintiff, who removed from the premises on or about May 15, 1947. ·

It is also alleged that Fayman's representations to the O.P.A., the Municipal Court, and to the plaintiff himself, were relied on by them, but were knowingly and falsely made in bad faith " in that the said defendant Leo Fayman requested possession of said premises solely for his own use and occupancy and for the

use and occupancy of his family, whereas in truth and in fact the said defendant did not intend to obtain possession of said premises for that purpose.''

After plaintiff vacated the premises, it is alleged that Fayman did not enter the premises for his own use or that of his family, but that instead defendant Haim took over possession. The second cause of action repeats the allegations of the first cause of action and alleges in addition that defendants entered into and effectuated a conspiracy to defraud and deceive the plaintiff to procure possession of the premises for Haim. Damages on each cause of action are specified as including plaintiff's costs of removal, legal expenses, and the excess amount over fair value paid by plaintiff to purchase another residence. It is unnecessary to pass upon the propriety of the alleged items of damage.

Even though we accord the plaintiff the full benefit of all the fair inferences which may be derived from his allegations of fraud, his complaint must be dismissed for legal insufficiency. The fraud alleged may not be regarded as extrinsic in its nature so as to entitle plaintiff collaterally to attack the proceedings which resulted in the issuance of the O.P.A. certificate and the final order of the Municipal Court directing plaintiff's eviction. (*Crouse* v. *McVickar,* 207 N. Y. 213; *Ross* v. *Preston,* 292 N. Y. 433, 437.) The fraud alleged must be regarded as intrinsic since it relates to the very issues which respondent might have litigated before the O.P.A. and in the Municipal Court. In the proceedings before the O.P.A., the chief issue presented for determination concerned the good faith of the landlord in seeking the premises for his own use. That administrative determination was subject to a full review within the Federal agency itself and, by further appeal, to the Emergency Court of Appeals. (*Parker* v. *Fleming,* 329 U. S. 531.) Moreover, plaintiff was entitled in the Municipal Court to litigate the question whether his landlord intended to use the premises for the purpose specified in the O.P.A. certificate. (*Postal* v. *Haggerty,* 70 N. Y. S. 2d 206.) He chose instead to accept the benefit of a two-month stay of eviction in exchange for his agreement to remove from the premises. Retention of that benefit is, of course, inconsistent with the commencement of this action. (*Ross* v. *Preston,* 292 N. Y. 433, *supra.*)

At the time of the commencement of this action, neither Federal nor State legislation with reference to property used for dwelling purposes provided for the maintenance of damage

actions such as are here pleaded. Authority for the institution of actions for removal damages was specifically given by chapters 314 and 315 of the Laws of 1945 to tenants dispossessed from business and commercial space by landlords who sought such space for their immediate and personal use and who failed, within specified periods after dispossession, to occupy the space themselves or who leased such space to a third person. (See *Sno-White, Inc.*, v. *Gerald Operating Corp.*, 271 App. Div. 314.) But, until the enactment of chapter 213 of the Laws of 1948, adding section 1444-a to the Civil Practice Act, such legislative sanction had not been furnished to the tenants of residential property for the institution of similar damage actions. We are, therefore, unable to hold that the complaint states a cause of action.

The resettled order denying defendants' motion to dismiss the complaint should be reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs. The appeal from the original order should be dismissed, without costs.

CARSWELL, ADEL, SNEED and WENZEL, JJ., concur.

Resettled order denying defendants' motion to dismiss the complaint reversed on the law, with $10 costs and disbursements, and the motion granted, with $10 costs.

Appeal from original order dismissed, without costs. [See *post,* p. 1008.]