## CHARLES SPILLNER, PLAINTIFF, v. SHIRLEY GUENTHER, DEFENDANT.

Decided April 5, 1948.

For the plaintiff, *Elsie L. White.*

For the defendant, *Levenson & Levenson.*

BROWN, S. C. C. The defendant moves to strike the complaint in the above entitled cause on the ground "that the facts thereof fail and neglect to set forth a cause of action against the defendant." In the briefs filed both parties present their argument upon two grounds; (1), that the cause of action was based upon fraud and misrepresentation, and (2), that the action is a collateral attack upon the judgment of another court of competent jurisdiction. The complaint contains allegations that the plaintiff was a tenant of the

defendant on July 1st, 1946; that he received a letter from the defendant requesting the plaintiff to vacate his family from the premises within a period of sixty days, which letter contained a statement that the defendant needed the premises for members of his family. Upon receipt of the letter the plaintiff endeavored to find rooms elsewhere without success and he so informed the defendant. On July 29th, 1946, plaintiff received a letter from the attorneys of the defendant to the effect that unless the plaintiff moved immediately dispossess proceedings would be instituted against him. Those proceedings were undertaken in the District Court in which a summons was issued November 25th, 1946, returnable December 5th, 1946. Trial was postponed until December 10th, 1946, at which time plaintiff alleges that he was ordered by the judge of the District Court to vacate the premises on or before February 1st, 1947. Plaintiff was unable to find any place to live and on January 26th, 1947, he was compelled to break up his family unit and move to a furnished room located in another part of the municipality. Thereafter the defendant sold the premises formerly occupied by the plaintiff and the inducement for the sale of the property was the defendant represented to the buyer that the apartment occupied by the plaintiff and his family would be vacated at the time of the closing of title. Plaintiff alleges that defendant knowingly and with malice aforethought compelled plaintiff to vacate the premises in question knowing that the statement that she wanted it for family use was untrue and that her reason for wanting the premises was to sell the same for a sizeable profit. The plaintiff also states in his complaint that he relied upon the representation made by the defendant and that he was put to great expense and inconvenience for which he seeks damages. The complaint does not contain an allegation that a warrant for removal was issued or served on plaintiff nor does the complaint contain any reference to the rules and regulations of the Office of Price Administrator or in violation of such regulations. The defendant contends that the dispossess proceedings in the District Court was not a violation of the law and the defendant was doing what she had a legal right to do; or that if false statements or mis-

representations were made in the District Court to secure entry of judgment for possession, the defendant would be liable to indictment for perjury. In order to properly determine the question whether the action in this court is an attack on the judgment of a court of competent jurisdiction a reference should be made to the statutes and decisions that relate thereto. An action in a District Court for possession is in the nature of a summary proceeding, District Court Act, *R. S.* 2:32–265; *N. J. S. A.* 2:32–265. See, also, *McGann* v. *La Brecque Co.,* 91 *N. J. Eq.* (at *p.* 308); 109 *Atl. Rep.* 501, Court of Errors and Appeals opinion, where such proceedings are characterized as "summary proceedings to dispossess." The District Court Act, *R. S.* 2:32–273; *N. J. S. A.* 2:32–273, provides "proceedings by virtue of section 2:32–265 of this title shall not be appealed nor removed by *certiorari* but the landlord shall remain liable in an action at law for any unlawful proceedings under sections 2:32–265 to 2:32–277 of this title." Under the Landlord and Tenant Act, *R. S.* 2:58–26, *N. J. S. A.* 2:58–26, similar language is used except in the Landlord and Tenant Act the proceedings is "in the nature of an action of trespass." As pointed out in *McGann* v. *La Brecque Co., supra,* the word "remain" that appears in the District Court Act as well as the Landlord and Tenant Act, is clear proof that it was the old common law action of trespass that was preserved, and not a new remedy provided for the first time. A judgment for possession entered in a District Court, so far as it affects the rights of the parties is a determination for that occasion and nothing more. Either of the parties in any subsequent legal proceedings may deny or disprove the facts upon which the judgment is based. Such a judgment is not *res adjudicata* in a subsequent action for damages brought by the tenant against the landlord for unlawfully proceeding under the act. *Kietrys* v. *Cregar,* 23 *N. J. Mis. R.* 273; 43 *Atl. Rep.* (2d) 810. Evidently the legislature in providing for summary proceedings by a landlord to obtain the right to immediate possession of a property, recognizes that the claim of the landlord might not have been justified and consequently, the legislature enacted that the landlord shall "remain" liable in an action

at law in the nature of a suit for trespass for any unlawful proceeding under the act. Although a landlord may through summary proceedings obtain judgment to dispossess a tenant, to maintain an action for trespass for any unlawful proceeding under the statute not only must the judgment be alleged but that the tenant was removed by a warrant for removal; that such warrant may be considered as evidence of trespass. The element of trespass is present when possession of the tenant is disturbed by his removal by virtue of a warrant for possession. *Coe* v. *Haines,* 44 *N. J. L.* 134. While the complaint in the above entitled cause is not as complete as it could be; nevertheless, the court is of the opinion that the action is one for unlawful eviction based upon fraudulent representations. Further particulars upon which the action is based can be demanded by the defendant so as to more fully apprise her of the relevant issues in the case. The court determines that the motion to strike the complaint be denied and an order may be entered accordingly.