DAVID WIGOD et al., Plaintiffs, *v.* JANINA REALTY CORPORATION, Defendant.

Supreme Court, Special Term, Queens County, October 15, 1948.

*Alfred Wohl* for defendant.

*Charles Glatzer* and *David Goldstein* for plaintiffs.

HILL, J. Defendant moves for judgment on the pleadings and for summary judgment pursuant to rules 112 and 113 of the Rules of Civil Practice.

In their complaint, plaintiffs set forth two causes of action, both of which seek the recovery of damages. The first cause of action is brought pursuant to the provisions of paragraph (3) of subdivision (h) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.), and the second is to recover damages for common-law fraud. Under the first cause of action the plaintiffs allege that the landlord, by letter dated January 15, 1948, fraudulently induced them to vacate a store which they had occupied after the expiration of their lease, and failed to thereafter occupy the same for its own use. No proceedings of any kind, nature or description were instituted by the landlord to recover possession of the premises, it appearing that the tenants complied with the landlord's request, as contained in the letter aforesaid.

The second cause of action is insufficient insofar as it seeks to recover damages for common-law fraud (*Rosenbluth* v. *Sackadorf*, 274 App. Div. 794*, revg. 190 Misc. 665).

The statute upon which the plaintiffs base their first cause of action is in derogation of common law, is penal in its nature, and must be strictly construed. The verbiage of the statute gives such cause of action in cases where the tenant has been " dispossessed ". The court is of the opinion that the mere sending of the letter does not constitute a dispossess within the meaning of the statute, albeit the court must assume, as a matter of pleading, that the tenant, in removing from the premises, relied upon the letter.

In law the term " dispossess " has a definite meaning, i.e., it connotes a proceeding to dispossess (*Mattoon* v. *Monroe,* 21 Hun 74, 81). The mere institution of a proceeding to dispossess has been held sufficient upon which to predicate a cause of action for fraud for the reason that in instituting a proceeding a landlord uses the court and its process as a conduit for the perpetration of the fraud. Accordingly, the court holds that the letter of January 15, 1948, annexed to plaintiffs' complaint, cannot be deemed a dispossess within the purview of the statute upon which the plaintiffs rely for their first cause of action.

Motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice is granted and plaintiffs' complaint is dismissed.

Submit order.