HELENE DUMAS, Plaintiff, *v.* OTTILIE PROCHAZKA et al.,
Defendants.

City Court of the City of New York, Special Term, New York County,
December 31, 1948.

*Robert L. Bobrick* for defendants.

*George G. Lake* for plaintiff.

COLEMAN, J.  This is a motion to dismiss a complaint for insufficiency.  The complaint alleges that the plaintiff, former tenant of the defendants, landlords, occupied an apartment in an apartment house owned by the defendants; that in May, 1947, upon a petition for summary proceedings instituted by the landlords in which they alleged that they desired plaintiff's apartment for their own use for dwelling purposes and after trial, the court entered a final order awarding them possession and directing that a warrant issue to remove the plaintiff; and that pursuant to the final order and warrant, the plaintiff

vacated the apartment on June 1, 1948 (the briefs explain that the court issuing the warrant stayed its execution until that date). The complaint then alleges that " although required to occupy said apartment within thirty days after such removal, neither defendant has occupied said apartment or any part thereof, and that said apartment is still (November 9, 1948) vacant ". The plaintiff asks for the damages she suffered through the defendants' conduct.

The complaint of course attempts to state a cause of action under section 1444-a of the Civil Practice Act (eff. March 21, 1948), enacted to afford tenants in dwellings relief from the actions of a landlord who after satisfying a court of his right to possession for his own use, diverts from that use — a provision similar to that in the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1946, ch. 272) — " * * * if such landlord shall fail, after thirty days subsequent to removing such tenant, to occupy such accommodations, * * * such landlord shall be liable to the tenant for all damages sustained on account of such removal." Except for a point to be mentioned later, the complaint clearly states a case under this new section, unless, as the defendants contend, to apply it to this action would be giving it retroactive effect when it was not intended to have that effect (cf. *David* v. *Fayman,* 273 App. Div. 408; 273 App. Div. 1008; *Rosenbluth* v. *Sackadorf,* 274 App. Div. 794). But so far as the plaintiff's cause of action is concerned the statute is prospective in its operation. The warrant, to be sure, was issued in May, 1947, but its effect was not felt until June, 1948. So far as the defendants were concerned the Legislature in March of that year had given them notice that if they were to remove the tenant in the circumstances in which the plaintiff says she was removed and later fail to use the premises for their own purposes, they might be liable in damages for unlawful removal. But the plaintiff could have no cause for complaint of the landlords' conduct until thirty days had gone by after her vacating the premises in June. By that time the statute had been in effect for several months and the defendants had warning in that period of its impending impact. In each of the two cases which I cited above the tenant had given up possession nine or ten months before March, 1948.

The second point made by the defendants is that the complaint does not charge them with any fraudulent intent in instituting summary proceedings. But all the plaintiff need do is to state the specific act mentioned in section 1444-a. Such matters as good faith, unforeseen change in circumstances, or

the like, are for the defendants to plead as a defense. (*Kauff-man & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38, 45.)

The motion to dismiss is denied; the defendants may serve an answer within six days hereof. Order filed.