ALEXANDER EISEMANN, as Remaining Partner of the Firm of ALEXANDER EISEMANN & Co., Plaintiff, *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND, Defendant.

Supreme Court, Special Term, New York County, March 1, 1949.

*Stewart Maurice* and *Charles R. McNamee* for defendant.

*Miriam H. Kamen* for plaintiff.

BENVENGA, J. In this action for fraud and deceit, defendant moves to dismiss the complaint for legal insufficiency and on the ground that the action is barred by the Statute of Limitations.

This is the second time the plaintiff has sought relief for the same grievance. A motion to dismiss the former complaint was denied at Special Term, the court holding that the complaint sufficiently alleged a cause of action in fraud (see N. Y. L. J., March 27, 1947, p. 1192, col. 2). The Appellate Division, however, reversed on the ground that the complaint did not contain the essential elements of such a cause of action (272 App. Div. 888). In affirming, the Court of Appeals regarded the action as one for malicious prosecution; held that it was barred by the two-year Statute of Limitations and added, '' We pass upon no other question '' (297 N. Y. 822, 823–824).

The complaint should, of course, be read in the light of history of the litigation. It appears from the recitals in the complaint that plaintiff is the sole remaining partner of Eisemann & Co., who was engaged in business as stockbrokers; that Kingsboro National Bank carried an account with that firm for the purchase and sale of securities; that defendant insured the bank against loss resulting from dishonesty of its employees, including one Marshall, an assistant cashier, who traded in the account and signed checks in behalf of the bank; that Hartford Accident & Indemnity Company insured Eisemann & Co. against loss resulting from dishonesty of its employees, but not against loss resulting from dishonesty of its partners; that defendant, as assignee of the bank, sued the partners, and that the trial of the action resulted in a dismissal of the complaint.

Following these recitals, the complaint alleges in substance that, in and by and through the action, defendant represented that Marshall's acts and conduct in connection with the account were without the knowledge and consent of the officers and directors of the bank, and that, by reason of a loss to the bank, defendant, in accordance with its policy of insurance, paid the bank the sum of $36,438.01; that one Boylhart, a partner of Eisemann & Co., had notice and knowledge of Marshall's illegal and wrongful acts, and that Eisemann & Co. acted in bad faith in connection with the account.

Moreover, the complaint asserts that these representations were false and known to the defendant to be false; that they were made with intent to deceive the partners and to induce them, in reliance thereon, to pay and settle an invalid claim; that they believed the representations and were induced thereby to defend the action and incur expenses in connection therewith, etc., to their injury and damage in the sum of $318,000.

Assuming the truth of these allegations, an essential condition in the consideration of motions of this character (see *Rosenbluth*

v. *Sackadorf*, 190 Misc. 665, 666, 667), it is quite clear that the complaint, however inartistically drawn, is legally sufficient; it contains the allegations necessary to constitute a cause of action in fraud; namely, representation, falsity, *scienter*, deception and injury (see *Ochs* v. *Woods*, 221 N. Y. 335, 338; *Reno* v. *Bull*, 226 N. Y. 546, 550). The gist of the fraud, as plaintiff asserts, is the " false, fictitious and concocted claim ", based upon an unfounded and nonexistent loss in connection with the trading account; the bringing of the action being but part and parcel of a scheme or conspiracy to injure and defraud the partnership (*Verplanck* v. *Van Buren*, 76 N. Y. 247, 259–261; *Ross* v. *Preston*, 292 N. Y. 433, 437; *Rosenbluth* v. *Sackadorf*, 190 Misc. 665, 668, *supra*; *Cooper* v. *Weissblatt*, 154 Misc. 522, 528, 529).

It follows that, since, as the complaint alleges, plaintiff did not discover the fraud until after the trial of the action in February, 1944, and as the action was commenced in February, 1947, the action is not barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 5; *Dodds* v. *McColgan*, 134 Misc. 518, 524).

The motion is in all respects denied.