GEORGE VANDERPORTEN, Plaintiff, *v.* ABE SLUTSKY et al., Defendants.

Supreme Court, Special Term, Kings County, November 25, 1949.

*Edward Collins* for defendants.

*Zeitz & Zeitz* for plaintiff.

MURPHY, J. This is a motion by the defendants to dismiss the plaintiff's complaint pursuant to the provisions of subdivision 5 of rule 106 of the Rules of Civil Practice, and for alternative relief that paragraphs numbered eleventh and thirteenth of the complaint be stricken out pursuant to the provisions of rule 103 of the Rules of Civil Practice.

In a motion predicated upon rule 106 of the Rules of Civil Practice, the complaint is to be liberally construed (Civ. Prac. Act, § 275), and if upon any theory the plaintiff is entitled to a recovery, the motion to dismiss the complaint should be denied (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Condon* v. *Associated Hosp. Service of N. Y.,* 287 N. Y. 411).

An examination of the complaint, in the light of the foregoing, discloses that on July 15, 1945, plaintiff became a tenant for one year under a lease executed with the defendant Slutsky's predecessor in title, and upon the expiration of the lease plaintiff became a statutory tenant; that thereafter defendant Slutsky became the owner of the premises and allegedly conspired with the other defendants to unlawfully evict the plaintiff from possession of his apartment by the defendant Slutsky's instituting a summary proceeding for the dispossession of plaintiff on the ground that he desired the apartment for his own use, whereas he intended and did rent the apartment to the other defendants after plaintiff vacated the premises. The complaint further alleges that defendant Slutsky, in order to vest jurisdiction in the Municipal Court and to further effectuate the conspiracy and fraudulent eviction, falsely represented to the temporary city housing rent commission that he desired the premises for his own use; that on January 17, 1948, the plaintiff was evicted from the apartment, and as a result thereof suffered damages. All of the proceedings and the eviction occurred prior to the effective date of section 1444-a of the Civil Practice Act.

It is my view that the defendants' motion to dismiss the complaint should be granted on the authority of *David* v. *Fayman* (273 App. Div. 408, affd. 298 N. Y. 669). The facts pre-

sented in the *David* case (*supra*) are clearly analogous to the instant complaint and the decision of the Court of Appeals controls (see, also, *Rosenbluth* v. *Sackadorf,* 298 N. Y. 761, affg. 274 App. Div. 794, revg. 190 Misc. 665, and *Pawgan* v. *Schneiderman,* 85 N. Y. S. 2d 615, revg. 80 N. Y. S. 2d 894).

The passage of section 1444-a, by the Legislature, effective March 21, 1948, which recognized and authorized a cause of action against a landlord, is not retroactive in nature. The complaint in the case at bar indicates a factual situation arising before the effective date of the statute, and plaintiff may not avail himself of its benefits (*David* v. *Fayman,* 273 App. Div. 1008). Motion is granted.