**CRAWFORD et ux. v. PITUCH et ux.**
Civ. No. 132.

United States District Court
W. D. Pennsylvania.
July 7, 1950.

Henry C. Baur, Erie, Pennsylvania, for plaintiffs.

Gerald J. Weber, Erie, Pennsylvania, for defendants.

FOLLMER, District Judge.

Plaintiffs "claim damages in trespass from the Defendants". It is alleged that plaintiffs were tenants of the defendants and that pursuant to the provisions of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1948, 50 U.S.C.A.Appendix, § 1881 et seq., defendants gave plaintiffs written notice "to vacate the said premises within 60 days on the ground that the Defendants desire the possession of the said premises for their own use and occupancy." Plaintiffs further allege that defendants' statements "were false, fradulent, (sic) wanton and malicious" and that "Defendants did not move into said premises but immediately upon the vacation of said premises by the Plaintiffs, the Defendants illegally and contrary to the Rent Control Act of Congress of 1948 and its amendments leased said premises to other parties * * *."

Alleging that it was impossible to rent a comparable house within the 60 days they were compelled to purchase a house, plaintiffs claim damages for losses sustained in the purchase of their house, plus additional amounts for loss of time seeking a new house, gasoline used in seeking a new house, lawyer's fees before the alderman, recording deeds and mortgages, title search, fire insurance, telephone installation, advertisements for apartments, installing new gas meter, door bell, numbers on house, purchasing new screens and storm windows, fruit shelves, clothes posts, law mower, hose, window shades, curtains, linoleum, gas burner and furnace, moving expenses, loss on sale of old stove, refrigerator, and dining room furniture, plus additional damages for "extreme inconveniences, physical strains and grief". Plaintiffs built up a grand total of $5,000.

Plaintiffs allege as the basis of jurisdiction that the "action is brought under and by virtue of the Acts of Congress known as the Housing and Rent Act of 1947 as amended by the Housing and Rent Act of 1948, * * *."

Defendants move to dismiss.

Since there is no diversity of citizenship, this Court is without jurisdiction under the provisions of 28 U.S.C.A. § 1332.[1] If jurisdiction exists, it must be found under 28 U.S.C.A. § 1331,[2] which provides that "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

In Fields v. Washington, 3 Cir., 173 F.2d 701, the Court of Appeals of this Circuit, although dismissing that action for lack of the jurisdictional amount, held that the said action arose under a law of the United States, namely the Housing and Rent Act of 1947. However, in that case the tenant brought suit in the United States District Court under Section 205 of the Housing and Rent Act of 1947 for treble damages for alleged overcharges of rent.[3] A specific right is created in that

1. Formerly part of 28 U.S.C. § 41(1).

2. Formerly part of 28 U.S.C. § 41(1).

3. Section 205 of the Housing and Rent Act of 1947 (which was not amended by the 1948 Act) provided: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 [section 1894 of this Appendix] shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided*, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation. * * *"

section which has reference only to actions brought for the recovery of damages for rent overcharges. No such basis exists here, and this is not a comparable situation. Plaintiffs rely on Section 206(a) [4] which confers no rights upon the tenant, and on Section 209(a) and (c),[5] which provides the method and procedure for recovering possession of premises. They contain no grant of jurisdiction.[6]

█ It is a settled rule of law that a suit to enforce a right which takes its origin in laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy, respecting the validity, construction or effect of such a law, upon the determination of which the result depends.[7]

█ The pivotal point of plaintiffs' case is whether the present complaint calls upon the court to now determine either the validity, construction or effect of any provision of the Housing and Rent Act,[8] and this must be a genuine and present controversy, not merely a possible or conjectural one, and must be disclosed on the face of the complaint.[9] Where a plaintiff's rights depend on principles of common law and equity, the fact that a federal statute is incidentally involved does not give federal jurisdiction.[10] In Miller v. Long, D.C. E.D.S.C., 71 F.Supp. 603, 606, plaintiff sought the cancellation of a mortgage which involved financing under the National Housing Act, 12 U.S.C.A. § 1701 et seq., and alleged false and fraudulent statements with intent to induce the federal authorities to approve the proposed loan. Judge Waring there summarized the problem as follows: " * * * Is the present action a suit to enforce a right which involves a dispute or controversy respecting the validity, construction or effect of the laws of the United States? In my opinion the controversy here is not such. It is a controversy that can be decided irrespective of the terms or conditions of the federal laws. The frauds alleged to have been perpetrated to obtain a loan do come within the purview of the Act. But the frauds alleged to have been practiced upon

4. Section 206(a) of the Housing and Rent Act of 1947, as amended by the 1948 Act reads: "It shall be unlawful for any person to offer, solicit, demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations in excess of the maximum rent prescribed under section 204 or otherwise to do or omit to do any act in violation of any provision of this title."

5. Section 209(a) and (c) of the Housing and Rent Act of 1947 (insofar as pertinent here) as amended by the Act of 1948, provides:
"(a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—
* * * * * *
"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family, * * *.
"(c) No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

6. Poirier v. Desillier, D.C.Mass., 75 F. Supp. 402.

7. Shipley v. Pittsburgh & L. E. R. Co., D.C.W.D.Pa., 70 F.Supp. 870; Regents of New Mexico College v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900.

8. Barnhart v. Western Maryland Ry. Co., 4 Cir., 128 F.2d 709, 713.

9. Driscoll v. Burlington-Bristol Bridge Co., D.C.N.J., 82 F.Supp. 975, 991.

10. Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690.

the plaintiff in order to obtain a second mortgage are charges of misrepresentation and deceit and an action to cancel an instrument based upon such frauds will lie irrespective of the federal laws. And such an action also may be based upon the statutes of South Carolina, Code of S.C. § 878, allowing an action to be brought for the removal of a cloud on title." This is precisely my conclusion in the present action.[11]

Defendants also contend that the complaint fails to state a cause of action. In view of the conclusion reached on the matter of jurisdiction it becomes unnecessary to examine the question of whether an actionable claim is presented, or whether the various items of damage are recoverable as necessary consequences of defendants' alleged wrongful act, so as to justify the claim that the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

The complaint is accordingly dismissed on the ground of lack of jurisdiction because the action does not arise under the laws of the United States.

So ordered.

11. See also Leidy v. Connor, D.C.E.D. Pa., 70 F.Supp. 1022, involving the Housing and Rent Control Act, 50 U.S. C.A.Appendix, § 901 et seq.