ERNEST SAXBY, Plaintiff, *v.* MARGARET LUIZZI, Defendant.

City Court of Albany, November 13, 1950.

*James F. Dalton* for defendant.

*N. Bernard Silberg* for plaintiff.

HERZOG, J. This is an action to recover damages for an alleged wrongful eviction. The complaint was oral but the bill of particulars states that the reason for the eviction was that the landlord desired occupancy of the premises for the purpose of altering and remodeling them. The eviction proceeding commenced in this court culminated in a final order granted upon those grounds. It is further alleged that the defendant (the landlord in the summary proceeding) never intended to alter or remodel and that within a short time after eviction, the premises were rented to a third party.

*David* v. *Fayman* (298 N. Y. 669, affg. 273 App. Div. 408), affirmatively holds that no action in fraud lies against a land-

lord who evicts a tenant from premises under a final order of a court of competent jurisdiction. This is true even though it is apparent that the landlord never intended to use the premises for the purposes upon which the final order was granted. The basic reasoning underlying the decisions in the *David* case (*supra*) and a number of similar cases is that there can be no collateral attack upon a ruling of a court.

To remedy this obvious defect in our jurisprudence, the Legislature enacted section 1444-a of the Civil Practice Act. This section gives a tenant, who has been wrongfully evicted upon any one of three grounds, relief in an action against the landlord. The three grounds mentioned in the statute are: (1) Personal use and occupancy by the landlord; (2) Personal use and occupancy for his immediate family; (3) The immediate purpose of withdrawing the housing accommodations from the rental market. These are three of the grounds which warrant an eviction under both the Federal enactments and the regulations promulgated under chapter 250 of the Laws of 1950. However, there was and still are a number of additional grounds for eviction, other than those listed in section 1444-a. Despite this fact, that section specifically enumerates only the three grounds stated above and does not grant a remedy even though there has been a wrongful eviction under any of the other grounds set forth in the regulations. It is not for the court to determine that the Legislature inadvertently failed to provide a remedy in such cases; nor is it possible to place a broader construction upon the very specific language of the statute. Therefore, I am constrained to hold that the plaintiff in this action has no remedy against the landlord, even though I were to find the eviction was wrongful or fraudulent.

It would seem that the Legislature should take appropriate action to insure remedies for such cases. This court can take judicial notice of the fact that there are a number of eviction proceedings pending at the present time or in which final orders have been granted arising out of like circumstances. It is my opinion that section 1444-a has not accomplished its purpose for two reasons. The first is obvious from this decision — I feel that it is not broad enough. The second is that the measure of damages is too obscure and has been restricted by the decisions arising under it. Because of these restrictions, tenants can recover only a limited amount of the damages so that these actions are not profitable. The result is that a premium is placed upon summary proceedings brought wrongfully. Thus,

landlords are not deterred, under this section, from bringing summary proceedings, even though they never intend to occupy the premises for the purposes set forth in their petitions. It would, therefore, seem that the Legislature should broaden the statute and, also, state more specifically the measure of damages, including possibly, punitive damages, since a fraud, if any, has been perpetrated upon the court.

The motion to dismiss the complaint, upon the pleadings, is granted, without costs.