Crawford, Appellant, *v.* Pituch.

Argued September 24, 1951. Before DREW, C. J.,
STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Henry C. Baur,* for appellants.

*Gerald J. Weber,* pro hac vice, for appellees.

OPINION BY MR. JUSTICE JONES, November 13, 1951:
The plaintiffs sued in trespass for deceit for an alleged misstatement of material fact knowingly made by the defendants for the purpose of having the plaintiffs rely upon it which they did to their pecuniary damage. The court below sustained preliminary objections to the complaint and entered judgment for the defendants from which the plaintiffs brought this appeal.

By deed recorded July 18, 1947, the defendants became the owners of a property in Erie, Pennsylvania,

which contained an apartment whereof the plaintiffs were and, continuously from May 1, 1925, had been the tenants under a written lease. The lease, which was for a specified term of one year, was automatically renewed annually thereafter under the provisions of its hold-over clause. On May 28, 1948, the defendants gave the plaintiffs written notice of their avowed desire to possess themselves of the property "for their own use and occupancy" and, therewith, demanded that the plaintiffs quit and surrender up possession of the premises within sixty days of receipt of the notice. The plaintiffs refused to vacate on the ground that, under the law of Pennsylvania, a cognate notice three months prior to the expiration of the current year's term was required to terminate the tenancy. The defendants thereupon instituted eviction proceedings against the plaintiffs before an alderman who gave judgment for the tenants. This effort to evict was not pursued further. Several months later, to wit, on January 11, 1949, the defendants again notified the plaintiffs in writing that they desired the apartment "for their own use and occupancy" and demanded that the tenants quit and surrender up possession of the premises on May 1, 1949, i.e., on the termination date of the yearly term. The plaintiffs, assuming the good faith of the defendants' statement of intention to occupy the apartment themselves and in reliance thereon, vacated as the notice called upon them to do. However, the defendants did not move into the apartment but forthwith rented it to a third person at a higher rental.

The plaintiffs aver in their complaint that the defendants did not require possession of the apartment for their own use and occupancy, that they had no intention of occupying it, that they fraudulently and maliciously made the false statement in such connection in violation of the applicable Federal Housing and Rent Act of 1947 as amended by the Act of 1948, 50 U.S.C.A.

Appendix §1881 et seq.,[1] in order wrongfully to induce the plaintiffs' vacation of the premises, that in reliance upon the defendants' false statement, the plaintiffs did vacate, and that, as a result, they suffered pecuniary damage.

It is not open to dispute that the landlords' deception of the tenants with respect to the intended use and occupancy of the premises was a fraud within the purview of the Federal Housing and Rent Act (see portion quoted in footnote 1 supra). But, only penal sanctions were prescribed by that Act for a landlord's breach of it. Specifically, the statute did not confer upon an aggrieved tenant a right of action for damages for such a violation. Accordingly, it has been held that a Federal court lacks jurisdiction of an action for damages brought under the statute by a tenant against his landlord: *Leidy v. Connor,* 70 F. Supp. 1022 (D.C.E.D. Pa.) A like conclusion was reached in a suit in Federal court on the same cause as is here involved: see *Crawford v. Pituch,* 91 F. Supp. 626 (D.C.W.D. Pa.). It is interesting to note that in the latter case the court implicitly recognized, by the quotation from another case which it approved, that, although "The frauds

---

[1] Section 209 (a) (2) of the Federal Housing and Rent Act of 1947 as amended by the Act of 1948 provides in presently material part as follows:

"No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless—

"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family, . . . ."

alleged to have been perpetrated . . . do come within the purview of the [Housing and Rent] Act . . . the frauds alleged to have been practiced upon the plaintiff . . . are charges of misrepresentation and deceit and an action . . . will lie *irrespective of the federal laws"* (Emphasis supplied). Also pertinent in this connection is the fact that Federal jurisdiction was not invoked in either of the cases above cited on the ground of diversity of citizenship for the enforcement of a right of action existing under local law. Both cases were instituted on the mistaken assumption that the statute conferred upon a tenant a right of action for damages for a landlord's violation of the Act.[2] Furthermore, it is the rule both federally and in this State that where a statute creates a new offense and prescribes the penalty therefor or where it declares a new right and sets forth a remedy, the prescribed penalty or remedy is exclusive: see *Farmers' and Mechanics' National Bank v. Dearing,* 91 U.S. 29, 35; *Gerber's Estate,* 337 Pa. 108, 116, 9 A. 2d 438. What the effect of the right of action for damages now conferred upon tenants by the 1951 amendment of the Housing and Rent Act, cited in footnote 2, may be is not before us. As already indicated, the Housing and Rent Act in force when the cause of action, here relied upon, is said to have arisen was the Act of 1947 as amended by the Act of 1948, cit. supra.

This suit was not brought under the Housing and Rent Act. It is a common law action for deceit,—an action recognized in this State for more than a century and a half. One who suffers damage by being deceived into action or inaction through another's intentional

---

[2] Although it is of no present moment, Section 205 (b) of the Housing and Rent Act (61 Stat. 199, as amended by the Housing Act of 1949, as amended by the Act of July 31, 1951, Public Laws 96, 82nd Cong., 1st Sess.) confers upon a tenant a right of action for limited damages for an unlawful eviction by the landlord as defined by Section 206 (2) of the Act as amended.

and calculated misstatements of material fact may recover at common law from his deceiver. The present complaint avers such a cause of action. True enough, the false statement of the defendants as to their intention with respect to the use and occupancy of the premises derived its materiality from the right attaching to the plaintiffs, as tenants, by virtue of the Housing and Rent Act. But, that is purely incidental. The false statement was actionable as deceit, nonetheless, in the circumstances of its utterance, its purpose and its effect. The courts of a number of sister States have ruled similarly in like factual situations: see, e.g., *Gabriel v. Borowy,* —— Mass. ——, 96 N.E. 2d 243 (1950); *Kilroy v. Barron,* 326 Mass. ——, 95 N.E. 2d 190 (1950); *Alabiso v. Schuster,* 80 N.Y. Supp. 2d 314, 273 App. Div. 655 (1948); *Lyster v. Berberich,* 3 N.J. Superior Ct. 78, 65 A. 2d 632 (1949); *Williams v. DeFabio,* 3 N.J. Superior Ct. 182, 65 A. 2d 858 (1950); *Trepanier v. Hujber,* 134 Conn. 24, 54 A. 2d 275 (1947); *Teare v. Sussman,* 120 Colo. 488, 210 P. 2d 446 (1949); *Nyulassie v. Mozer,* 85 Cal. App. 2d Supp. 827, 193 P. 2d 167 (1948). This is the first case of such nature to come before an appellate court of this state. There are, however, two conflicting lower court decisions: see *Cohen v. Seidman,* 63 D. & C. 271; and *Goldberg v. Shulberg,* 62 D. & C. 294.

We are not called upon to decide whether an action for deceit for a landlord's misstatement of material fact designed to accomplish his tenant's vacation of demised premises lies where the tenant vacates pursuant to a judgment of eviction obtained in a due proceeding: cf. *Noyes v. Shanahan,* 325 Mass. 601, 91 N.E. 2d 841 (1949); and *David v. Fayman,* 78 N.Y. Supp. 2d 188, 273 App. Div. 408, affirmed 298 N.Y. 669, 82 N.E. 2d 404 (1948). See contra *Spillner v. Guenther,* 26 N.J. Misc. 159, 58 A. 2d 540 (1948). Here, the earlier eviction proceeding had terminated adversely to the land-

lords and the actionable false statement was made subsequently.

As the case must go back for possible trial on its merits, it is not inappropriate to point out that a very considerable portion of the damages claimed by the plaintiffs are consequential, speculative and even conjectural for which recovery may not be had. The damages recoverable are only such as can be said to have been the immediate and proximate consequences of the deceit practiced upon the plaintiffs.

Judgment reversed with a procedendo.

Mr. Justice BELL dissents.