## Broaddus v. Hohensee

*W. Burg Anstine* and *Robert H. Griffith*, for plaintiff.

*Victor Dell'Alba*, for defendant.

ATKINS, P. J., April 24, 1961.—Plaintiff brought this action of trespass, claiming defendant practiced

deceit to induce him to enter into a contract with El Rancho Adolphus Dairy, Inc., and, because of the fraudulent conduct of defendant, he sustained certain losses. The record will show that the name of the corporation which is mentioned is sometimes referred to as El Rancho Adolphus Creamery, Inc. Apparently, there is only one corporation intended to be referred to, and the slight variance in name is simply an inadvertence on the part of certain witnesses.

The matter was heard before the court and a jury and resulted in a verdict for plaintiff. A motion for new trial was filed by defendant and is now before the court en banc, consisting of the writer of this opinion and Hon. Richard E. Kohler, president judge of the orphans' court of this judicial district, sitting specially. Judges Shadle and Liverant of this court found it necessary to disqualify themselves because of prior participation in this case at one stage or another while they were practicing attorneys.

The motion for new trial sets forth four reasons, namely: (1) The verdict is contrary to the evidence; (2) the verdict is contrary to the weight of the evidence; (3) the court erred in refusing to consider defendant's points for charge nos. 1, 3 and 4; and (4) that the court should have sustained defendant's motion for a directed verdict and for a compulsory nonsuit.

The facts can be briefly stated as follows:

Defendant sent out circulars advertising a series of lectures to be given in the Malta Temple at York on various dates during the month of December 1956. One or more of these were received in the mail by plaintiff. Plaintiff attended the lectures, where defendant introduced himself as Dr. Adolphus Hohensee, of Scranton. He then went on to tell the virtues of certain food products he was selling, saying they had certain curative qualities for various diseases such as

cancer, cataracts of the eyes, arthritis, etc. He said these foodstuffs were produced on his farm or ranch near Scranton, by special agricultural methods, as a result of which they were different from other foods produced by use of commercial fertilizer and other normal methods of agriculture. He further indicated that he was seeking someone in the York area to establish a store for the retail distribution of these food products.

When plaintiff showed an interest in such an enterprise, he told plaintiff it would cost about $8,000 to equip an appropriate retail store. Defendant said he would put on a radio advertising campaign as well as other forms of advertising, that he would train plaintiff and his employes in the handling of these products, that fresh products would be delivered every other day. He would assist plaintiff until plaintiff became fully familiar with the business. Further representations were made concerning discounts on the purchase by plaintiff of stock for the store. Plaintiff, in reliance on these representations, entered into a contract with El Rancho Adolphus Dairy, of which defendant was at that time the president, to act as a retail outlet for these foods. He entered into a five-year lease for a storeroom and expended money to remodel the premises.

Early in the operation of the store, he learned that the claims concerning the manner of producing the foods were untrue, the discounts were not as stated, delivery of fresh stock was not made as it had been indicated it would be, the training program was not carried out, nor was the advertising program put on.

The jury by its verdict, in the light of the instructions given to it by the court, has found that defendant never intended to do any of these things. It can also be said that the representations made concerning the production of the foods were also found to be false.

Where a case involving an issue of fact is submitted to the jury in a charge which is comprehensive and impartial, the verdict of the jury is conclusive: Flick v. Allegheny County, 315 Pa. 33. Here, there was an issue of fact, and we find no fundamental error in the charge. Defendant was apparently satisfied with the charge, for not even a general exception was taken, and the only request for further instructions was to have the court repeat for a second time a portion of the charge relative to damages that was favorable to defendant. The first of the reasons advanced for the new trial must be refused.

Defendant contends his first, third and fourth requests for charge should have been affirmed. One and three can be considered together. One is "That the jury may not consider rental payments which plaintiff may have made in the computation of damages", and, "The jury shall not consider any payments made to El Rancho Adolphus Creamery, Inc. in the computation of damages."

In the Restatement of Torts §549, the following rule is set forth:

"The measure of damages which the recipient of a fraudulent misrepresentation is entitled to recover from its maker as damages under the rule stated in §525 is the pecuniary loss which results from the falsity of the matter misrepresented, including (a) the difference between the value of the thing bought, sold or exchanged and its purchase price or the value of the thing exchanged for it, and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the truth of the representation."

The two items referred to in the requested points are covered by clause (b) of this section of the restatement. They are payments to which plaintiff obligated himself in direct reliance on the representations made

by defendant. If they are the immediate and proximate consequence of the deceit, they are recoverable: Erie City Iron Works v. Barber & Co., 106 Pa. 125; Crawford v. Pituch, 368 Pa. 489. The payments referred to in both of these requests for charge were made pursuant to contracts entered into by plaintiff in reliance on the representations made by defendant, and these representations have been determined by the jury to be false.

The fourth request was related to damages and is as follows:

"The only thing the jury can consider in the computation of damages is the difference between the actual value of the products received and the value the products would have had had they been as represented." Had this case involved deceit in connection with the transfer of property, the requested point would, without question, have been affirmed: Peters v. Stroudsburg Trust Co. 348 Pa. 451. Such is not this case. In this case, the loss represents expenditure made by plaintiff under obligations incurred by him in reliance upon the representations of defendant.

Defendant further contends his motion for a directed verdict should have been sustained. The court could not direct a verdict in this case because it involves questions of fact for the jury. Plaintiff offered evidence, which, if believed, would satisfy all five of the elements requisite for this type of action as set forth in the Restatement of Torts §525. These are the elements of the action under the law of Pennsylvania: Savitz v. Weinstein, 395 Pa. 173.

With regard to the request for a compulsory nonsuit, we think that this phase of the case is rendered moot by reason of the fact that defendant did present testimony, and, in the light of the jury's verdict, the case has been resolved against him. We think that we should, perhaps, comment upon defendant's position

in this motion, however, because of his persistence in arguing the reasons advanced for it. His principal reason is that testimony was presented which would tend to vary the terms of the contract entered into by plaintiff with El Rancho Adolphus Dairy, Inc. This contract is not directly involved in the case. Consequently, the parol evidence rule does not apply: Kaufhold v. Taylor, Trustee, 360 Pa. 372. The contract in this case was only collaterally involved.

Accordingly, we enter this

### Order

And now, to wit, April 24, 1961, it is ordered, adjudged and decreed that defendant's motion for a new trial be and is hereby denied, and judgment is entered on the verdict in favor of plaintiff in the amount of $10,306.12, with costs of suit and against defendant.

An exception is granted to defendant to the action of the court in this regard.